■ The People of the State of New York, Respondent, v Frank Medina, Appellant. [671 NYS2d 550] —Carpinello, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered December 11, 1995, convicting defendant upon his plea of guilty of three counts of the crime of attempted assault in the second degree.

Defendant was indicted and charged with five counts of assault in the second degree after he allegedly injured two correction officers and a civilian while he was incarcerated at Riverview Correctional Facility in St. Lawrence County. Following plea negotiations, defendant initially pleaded guilty to three counts of assault in the second degree in satisfaction of the indictment. However, after it was discovered that the original promised sentence could not be honored due to defendant's status as a second violent felony offender, County Court agreed, after consulting with the prosecutor and defense counsel, to vacate the original plea and accept defendant's plea of guilty to three counts of attempted assault in the second degree. Defendant was sentenced in accordance with the plea agreement to three concurrent prison terms of 2 to 4 years, to be served consecutively with the sentence defendant was currently serving. This appeal followed.

We affirm. Contrary to defendant's argument, the record does not support his claim that his plea was not knowing, voluntary and intelligent based upon County Court's failure to order a mental competency examination prior to accepting his plea (see, CPL 730.30 [1]). Although it is clear from the record that defendant did have some history of mental illness, "[a] defendant is presumed to be competent and is not entitled, as a matter of law, to a competency hearing unless the court has reasonable grounds to believe that, because of mental disease or defect, the defendant is incapable of assisting in his or her own defense or of understanding the proceedings against him" (People v Planty, 238 AD2d 806, 807, lv denied 89 NY2d 1098).

Here, the record does not support a finding that defendant was incompetent at the time he entered his plea (see, id.). Although defendant does not speak English, a court-appointed interpreter was present to translate. Defendant's responses to questions were appropriate and oriented and he indicated that he was not under the influence of any drugs or experiencing any psychiatric episodes. Defendant stated that he wished to plead guilty and understood the rights he was giving up by doing so.

Finally, we have reviewed defendant's contention that he was denied the effective assistance of counsel and find it to be

unpersuasive. Defense counsel appropriately brought the subject of defendant's mental health history to the attention of County Court and successfully negotiated an advantageous plea bargain given the apparent strength of the People's case. Under these circumstances, we decline to hold that defendant was not afforded meaningful representation.

Mercure, White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.