■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE VENTURA, Appellant. [753 NYS2d 403] —Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered October 18, 2000, convicting defendant upon his plea of guilty of the crimes of robbery in the second degree and criminal possession of a forged instrument in the second degree.

In accordance with a negotiated plea agreement, defendant waived his right to appeal and pleaded guilty to the crimes of robbery in the second degree and criminal possession of a forged instrument in the second degree. Defendant was sentenced as a second felony offender to concurrent prison terms of eight years and $1\frac{1}{2}$ to 3 years, respectively. Defendant contends, and the People concede, that because he was not advised of the five-year postrelease supervision component of the sentence that, in the interest of justice, defendant be permitted an opportunity to withdraw his plea, notwithstanding his waiver of his right to appeal. This Court has held that given the significant and punitive nature of postrelease supervision, the failure of a court to advise a defendant of such postrelease supervision requires that the defendant be given an opportunity to withdraw his plea of guilty (*see People v Harler*, 296 AD2d 712; *People v Jaworski*, 296 AD2d 597).

Mercure, J.P., Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, plea vacated and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.