THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY COURCELLE, Appellant. [788 NYS2d 720]—

Peters, J. Appeals (1) from a judgment of the Supreme Court (Lamont, J.), rendered November 14, 2001 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree, and (2) by permission, from an order of said court, entered April 14, 2003 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In September 2001, defendant was charged in a superior court information with criminal contempt in the first degree after he was involved in a physical altercation and violated an existing order of protection. He pleaded guilty to this charge and waived

his right to appeal. Defendant was sentenced, in accordance with the plea agreement, to a prison term of $1^{1}/_{3}$ to 4 years. He subsequently moved to vacate the judgment of conviction on the grounds that his plea was involuntarily made due to his mental deficiencies and his counsel was ineffective for failing to request a competency hearing. Supreme Court denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission of this Court, the order denying his CPL 440.10 motion.

Defendant contends that because his presentence investigation report indicates that his mental competency was at issue, defense counsel improperly failed to request a competency hearing and Supreme Court erred in accepting his guilty plea without first conducting a competency hearing. We disagree. A defendant is presumed competent and is not entitled, as a matter of law, to a competency hearing unless the court has reasonable grounds to believe that, because of mental disease or defect, the defendant is incapable of understanding the proceedings against him or her (*see People v Kron*, 8 AD3d 908, 909 [2004], *lv denied* 3 NY3d 758 [2004]; *People v Medina*, 249 AD2d 694, 694 [1998]).

Although the presentence investigation report indicates that defendant suffered a head injury in 1994, he failed to claim his incompetency at the time of his plea and a review of the plea transcript reveals that he understood the nature of the proceeding. Defendant cogently answered all questions posed to him by Supreme Court, and when asked if he had any physical, mental or emotional illness which might prevent him from understanding the proceeding, he responded "no." Accordingly, it cannot be said that defense counsel erred in failing to request a competency hearing (*see People v Poquee*, 9 AD3d 781, 783 [2004], *lv denied* 3 NY3d 741 [2004]; *People v Alexander*, 161 AD2d 1035, 1037 [1990], *lv denied* 76 NY2d 851 [1990]). Given Supreme Court's opportunity to observe defendant's behavior at the plea proceeding, the court appropriately exercised its discretion in denying defendant's CPL article 440 motion without a hearing (*see* CPL 440.30 [4] [d]).

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment and order are affirmed.