■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST L. MEARS II, Appellant. [791 NYS2d 725]—

Kane, J. Appeal from a judgment of the County Court of Warren County (Berke, J.), rendered August 26, 2003, convicting defendant upon his plea of guilty of the crimes of forgery in the second degree and grand larceny in the third degree.

In April 2003, in full satisfaction of a seven-count indictment, defendant entered an *Alford* plea of guilty to grand larceny in the third degree and was placed on interim probation for six months. While on probation, defendant was arrested and charged with forgery in the second degree. In accordance with a plea agreement, which included a waiver of his right to appeal, defendant pleaded guilty to forgery in the second degree and was sentenced to concurrent prison terms of 1½ to 4½ years for both the forgery conviction and the grand larceny conviction. Defendant now appeals, alleging that he was incompetent at the time of his plea.

Initially, while not precluded by his waiver of the right to appeal, defendant's challenge to the voluntariness of his plea is not preserved because he failed to move to withdraw his plea or

to vacate the judgment of conviction (*see People v Scott*, 12 AD3d 716, 717 [2004]; *People v Grier*, 11 AD3d 816, 816 [2004]). Were we to consider the issue, we would reject defendant's contention that County Court erred by accepting his plea without requiring a CPL article 730 hearing. Although the record reveals that defendant has a history of mental health and substance abuse problems, such history, alone, "does not necessarily render a defendant incompetent to enter a knowing and voluntary plea" (*People v Barclay*, 1 AD3d 705, 706 [2003], *lv denied* 1 NY3d 567 [2003]; *see People v Stonis*, 246 AD2d 911, 911-912 [1998], *lv denied* 92 NY2d 883 [1998]; *People v Dover*, 227 AD2d 804, 804-805 [1996], *lv denied* 88 NY2d 984 [1996]). Here, the record reflects that, during the plea colloquies, defendant intelligently answered the court's questions, affirmatively acknowledged that he understood the consequences of the waiver of his rights, stated that he had conferred with his attorney and that he accepted the terms of the plea agreement. As there is nothing to support defendant's allegation that he lacked the capacity to enter a knowing, intelligent and voluntary plea (*see People v Young*, 257 AD2d 764, 764 [1999], *lv denied* 93 NY2d 931 [1999]), we would find that County Court did not abuse its discretion by accepting defendant's pleas without holding a competency hearing. Finally, as this was not a situation in which the court was required to offer defendant an opportunity to withdraw his plea (*compare People v Boyce*, 12 AD3d 728, 729 [2004]; *People v Ventura*, 301 AD2d 967 [2003]; *People v Hartford*, 217 AD2d 798, 799-800 [1995]), defendant's claim that County Court failed to do so is unavailing.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.