■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN V. WOODARD, Appellant. [793 NYS2d 622]—

Mugglin, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered October 24, 2003, convicting defendant upon his plea of guilty of the crime of escape in the first degree.

Defendant was charged with escape in the first degree after he absconded from a detention facility in the Town of Moreau, Saratoga County. He pleaded guilty as charged and, following County Court's denial of his motion for, among other things, a CPL article 730 competency examination, defendant was sentenced in accordance with a negotiated plea agreement to a prison term of 2 to 4 years, to run consecutive to his existing sentence. He now appeals.

Defendant's sole contention on appeal is that County Court

erred in accepting his guilty plea without first ordering a competency examination pursuant to CPL 730.30 (1). We disagree. A defendant is presumed to be competent and is not entitled, as a matter of law, to a competency examination unless the court has reasonable grounds to believe that the defendant, due to some mental disease or defect, is incapable of understanding the proceedings against him or her (*see People v Tortorici*, 92 NY2d 757, 765 [1999], *cert denied* 528 US 834 [1999]; *People v Courcelle*, 15 AD3d 688, 689 [2005], *lv denied* 4 NY3d 829 [2005]). Notwithstanding defendant's asserted history of psychiatric illness, the record as a whole does not call into doubt the presumption of his competency. Defendant demonstrated at his arraignment that he comprehended the charges against him and gave coherent and informed answers to County Court's questions during the plea colloquy. When asked specifically whether he suffered from any illness that would prevent him from understanding the nature of the plea proceeding, defendant indicated that he had no such illness and that he fully understood the rights he was waiving by virtue of pleading guilty. Although defendant asserted that he suffers from a form of depression which impairs his ability to properly weigh circumstances under extreme stress and that, in 1989 he submitted to a psychiatric evaluation, given defendant's lucid behavior and responses during these proceedings, we cannot say that County Court abused its discretion in accepting defendant's plea without first ordering a competency examination (*see People v Daley*, 302 AD2d 745, 746 [2003]; *People v Maldonado*, 273 AD2d 537, 540-541 [2000], *lv denied* 95 NY2d 867 [2000]).

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.