■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND BENNETT, Appellant. [817 NYS2d 399]—

Spain, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered July 19, 2004 in Albany County, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

As the result of a negotiated plea agreement, defendant waived indictment, pleaded guilty to a superior court information charging him with burglary in the second degree and waived his right to appeal. Pursuant to the plea agreement, defendant was thereafter sentenced to 10 years in prison and five years of postrelease supervision. On appeal, defendant argues that Supreme Court improperly accepted his plea without first conducting a hearing pursuant to CPL 730.30 to assess his competency and that he was denied the effective assistance of counsel due to counsel's failure to request such a hearing.

While defendant's challenges to the voluntariness of his plea are not precluded by his waiver of the right to appeal, the issue is not preserved for our review because defendant failed to move to withdraw his plea or to vacate the judgment of conviction (*see People v Mears,* 16 AD3d 917, 917-918 [2005]; *People v Washington,* 3 AD3d 741, 742 [2004], *lv denied* 2 NY3d 747 [2004]). In any event, we find defendant's arguments unconvincing. Although the presentence investigation report indicates that defendant has some history of mental health difficulties and substance abuse, the record as a whole reflects no grounds to believe that defendant was incapable of understanding the proceedings against him due to mental disease or defect (*see People v Woodard,* 17 AD3d 929, 930 [2005], *lv denied* 5 NY3d 811 [2005]; *People v Mears, supra* at 918; *People v Courcelle,* 15 AD3d 688, 689 [2005], *lv denied* 4 NY3d 829 [2005]). Defendant engaged in a thorough plea colloquy with Supreme Court during which he gave appropriate, coherent responses to the court's inquiries, provided details of the crime and indicated that he understood each of the rights he was relinquishing and the consequences of his plea. Under these circumstances, we cannot conclude that a competency hearing was required (*see People v Woodard, supra* at 930; *People v Mears, supra* at 918; *People v Courcelle, supra* at 689). Finally, nothing in the record casts doubt upon the apparent effectiveness of counsel, who was able

to secure a favorable plea agreement on defendant's behalf (*see People v Ford,* 86 NY2d 397, 404 [1995]; *People v Washington, supra* at 743).

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.