■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NANCY A. CARDINALE, Also Known as NANCY A. QUARTERS, Appellant. [840 NYS2d 496]—

Crew III, J.P. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered May 23, 2006, convicting defendant upon her plea of guilty of the crime of grand larceny in the second degree.

Defendant pleaded guilty to a single count of grand larceny in the second degree in satisfaction of a 61-count indictment and waived her right to appeal. In accordance with the plea agreement, County Court sentenced defendant, as a second felony offender, to a prison term of 4 to 8 years. Defendant now appeals, arguing that her guilty plea was involuntary because it was entered under duress occasioned by her desire to have her bail reduced so that she could see her dying mother.

Defendant's challenge to the voluntariness of her guilty plea, although not encompassed by her appeal waiver, is unpreserved for our review given her failure to move for withdrawal of her plea or vacatur of the judgment of conviction (*see People v Missimer*, 32 AD3d 1114, 1114-1115 [2006], *lv denied* 7 NY3d 927 [2006]). Moreover, defendant did not make any statements during the plea colloquy that cast significant doubt upon her guilt or otherwise called into question the voluntariness of her plea such that an inquiry by County Court beyond that conducted was required (*see People v Guthinger*, 36 AD3d 1075, 1075-1076 [2007], *lv denied* 8 NY3d 923 [2007]). Finally, the record reveals that defendant was fully informed of her rights and the ramifications of her plea, and she acknowledged that she understood the same. Defendant then freely admitted the underlying facts of the crime and pleaded guilty to its commission. Thus, notwithstanding defendant's claim at the time of sentencing that her plea had been entered under duress, we find that defendant pleaded guilty in a voluntary, knowing and intelligent manner.

Peters, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.