■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMIE L. SOREY, Appellant. [866 NYS2d 393]—

Malone Jr., J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered July 3, 2007, convicting defendant upon her plea of guilty of the crime of attempted burglary in the second degree.

Defendant was charged by indictment with conspiracy in the fourth degree, two counts of attempted robbery in the second degree, two counts of burglary in the second degree, possession of burglar's tools, hindering prosecution in the second degree and tampering with physical evidence based upon her role as the getaway car driver in an attempted home invasion robbery that resulted in the death of one accomplice. Pursuant to a negotiated plea agreement and in full satisfaction of the indictment, defendant pleaded guilty to attempted burglary in the second degree, waiving her right to appeal, and was thereafter sentenced as a second felony offender to six years in prison, with five years of postrelease supervision. Defendant now appeals, alleging that she was mentally incompetent at the time she entered her guilty plea and that she was denied the effective assistance of counsel.

Initially, defendant's challenge to the voluntariness of her plea, although not precluded by her waiver of her right to appeal, is not preserved for this Court's review as she failed to move to either withdraw her plea or to vacate the judgment of conviction (*see People v Cardinale*, 43 AD3d 558, 559 [2007], *lv denied* 9 NY3d 1005 [2007]; *People v Scott*, 12 AD3d 716, 717 [2004]). In any event, we would find that defendant voluntarily entered a knowing and intelligent guilty plea. Although the record reveals that defendant has a history of depression for which she takes medication, such history does not necessarily render defendant mentally incompetent to enter a knowing, intelligent and voluntary guilty plea (*see People v Harrison*, 52 AD3d 969, 970 [2008], *lv denied* 11 NY3d 737 [2008]; *People v Mears*, 16 AD3d 917, 918 [2005]). Defendant actively participated in the plea colloquy, intelligently responded to County Court's questions, indicated that she understood the consequences of pleading guilty and affirmatively stated that her medications did not affect her ability to comprehend the proceedings or her ability to enter a guilty plea. As there is nothing in the record to indicate that defendant lacked the capacity to enter a knowing and voluntary plea, we would also find that County Court did not abuse its discretion by accepting defendant's plea without ordering a CPL article 730 competency hearing (*see People v Harrison*, 52 AD3d at 970; *People v Mears*, 16 AD3d at 918).

Finally, although defendant's claim that she was denied the effective assistance of counsel is likewise unpreserved, were we to consider it, we would find it to be without merit. Counsel made appropriate pretrial motions and was able to negotiate a fair and favorable plea agreement, despite defendant's lengthy criminal history. Under these circumstances, it cannot be said that defendant was not provided with meaningful representation (*see People v Kagonyera*, 23 AD3d 840, 841 [2005]; *People v Scott*, 12 AD3d at 717-718).

Spain, J.P., Lahtinen, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed.