■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRI STODDARD, Appellant. [889 NYS2d 282]—Mercure, J. Appeal from a judgment of the Supreme Court (Drago, J.), rendered April 29, 2008 in Schenectady County, convicting defendant upon her plea of guilty of the crime of robbery in the first degree.

In full satisfaction of a six-count indictment, defendant pleaded guilty to robbery in the first degree and waived her right to appeal in writing. She was subsequently sentenced to 8½ years in prison, to be followed by five years of postrelease supervision. Defendant appeals, and we now affirm.

Defendant contends that her plea was not voluntarily entered and that County Court erred in failing to hold a competency hearing pursuant to CPL 730.30 prior to accepting the plea. Her arguments implicate the voluntariness of the plea and, thus, are not precluded by her valid waiver of the right to appeal (*see People v Sorey*, 55 AD3d 1063, 1064 [2008], *lv denied* 11 NY3d 930 [2009]; *People v Harrison*, 52 AD3d 969, 970 [2008], *lv denied* 11 NY3d 737 [2008]). Nevertheless, her failure to move to withdraw her plea or to vacate her judgment of conviction has rendered her claim unpreserved for appellate review (*see People v Bennett*, 30 AD3d 631, 631 [2006], *lv denied* 7 NY3d 809 [2006]; *People v Mears*, 16 AD3d 917, 917-918 [2005]). Moreover, the narrow exception to the preservation requirement is

inapplicable here inasmuch as defendant made no statements that were inconsistent with her guilt or otherwise called into question the voluntariness of her plea during the lengthy plea colloquy, which included an inquiry into the nature of defendant's mental illness, the medications she was taking and her ability to comprehend the proceedings (*see People v Buskey*, 62 AD3d 1164, 1164-1165 [2009]; *People v Dobrouch*, 59 AD3d 781, 781 [2009], *lv denied* 12 NY3d 853 [2009]; *see also People v Sorey*, 55 AD3d at 1064; *People v Borom*, 55 AD3d 1041, 1041-1042 [2008]).

Cardona, P.J., Spain, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.