■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD A. ROUGHT, Appellant. [934 NYS2d 617]—

Garry, J.

Defendant was charged in an indictment with course of sexual conduct against a child in the first degree (two counts), rape in the second degree and endangering the welfare of a child (two counts). He agreed to plead guilty as charged and was thereafter sentenced pursuant to the plea agreement to an aggregate prison term of eight years, to be followed by 10 years of postrelease supervision. Defendant now appeals.

We affirm. Defendant's contentions that his plea was not knowing, voluntary and intelligent due to mental incompetence and that County Court erred in accepting his plea without holding a competency hearing pursuant to CPL 730.30 are not preserved for our review in light of his failure to move to withdraw his plea or vacate the judgment of conviction (see People v Stoddard, 67 AD3d 1055, 1055 [2009], lv denied 14 NY3d 806 [2010]; People v Bennett, 30 AD3d 631, 631 [2006], lv denied 7 NY3d 809 [2006]). Moreover, contrary to defendant's assertion, he did not make any statements during the plea allocution that negated an essential element of the crime or otherwise cast doubt upon his guilt so as to trigger the narrow exception to the preservation requirement (see People v McFarren, 83 AD3d 1209, 1209-1210 [2011], lv denied 17 NY3d 860 [2011]; People v Coons, 73 AD3d 1343, 1345 [2010], lv denied 15 NY3d 803 [2010]). In any event, there is no evidence in the record that defendant lacked the capacity to enter a knowing, voluntary and intelligent plea. He participated in his plea allocution, gave coherent responses to County Court's questions and confirmed that he understood the proceedings and the ramifications of his guilty plea. Accordingly, were this issue properly before us, we would find no abuse of discretion in the court's acceptance of defendant's plea without holding a competency hearing (see People v Bennett, 30 AD3d at 631; People v Woodard, 17 AD3d 929, 930 [2005], lv denied 5 NY3d 811 [2005]).

Defendant further contends that the plea colloquy was insufficient due to the failure to advise him that his potential confinement pursuant to the Sex Offender Management and Treatment Act was of an indefinite duration (see Mental Hygiene Law art 10). However, and as counsel notes, County Court explicitly informed defendant of the evaluation that would be

performed and the risk of continuing civil confinement, defense counsel stated that he had discussed this possibility with defendant, and defendant confirmed that he had reviewed the matter with his counsel. Accordingly, we do not find the plea involuntary on this ground (*see People v Harnett*, 16 NY3d 200, 207-208 [2011]; *People v Okamura*, 84 AD3d 1413 [2011], *lv denied* 17 NY3d 861 [2011]).

Finally, we are unpersuaded by defendant's claim that his sentence was harsh and excessive. Defendant received the bargained-for sentence, and considering the serious nature of the present offenses, we perceive no abuse of discretion or extraordinary circumstances warranting a modification of the sentence in the interest of justice (*see People v Evans*, 81 AD3d 1040, 1041-1042 [2011], *lv denied* 16 NY3d 894 [2011]).

Defendant's remaining claims have been addressed and found to be without merit.

Peters, J.P., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.