■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN C. DOWLING II, Appellant. [937 NYS2d 729]—

Garry, J.

We reject defendant's contention that County Court erred in not conducting a competency hearing pursuant to CPL 730.30. "A defendant is presumed to be competent and is not entitled, as a matter of law, to a competency examination unless the court has reasonable grounds to believe that the defendant, due to some mental disease or defect, is incapable of understanding the proceedings against him or her" (*People v Woodard*, 17 AD3d 929, 930 [2005], *lv denied* 5 NY3d 811 [2005] [citations omitted]). Although defendant unquestionably suffered a traumatic brain injury in the accident, he gave coherent responses to the

court's inquiries and there is nothing in the record to indicate that he did not understand the charges against him or was unable to assist in his defense (*see id.*; *People v Daley*, 302 AD2d 745, 746 [2003]; *People v Martin*, 239 AD2d 800, 801 [1997], *lv denied* 90 NY2d 941 [1997]).

Defendant's argument that his guilty plea to violating the terms of his probation was not voluntary, knowing or intelligent is unpreserved for our review due to his failure to move to withdraw his plea or vacate his judgment of conviction (*see People v Cerone*, 75 AD3d 835, 835-836 [2010], *lv denied* 15 NY3d 850 [2010]; *People v Talmadge*, 48 AD3d 836, 836 [2008]). Further, in light of defendant's repeated failure to complete substance abuse treatment, we cannot conclude that County Court's denial of defendant's request for a further adjournment of sentencing in order to enroll in another treatment program was an abuse of its discretion (*see generally People v Singleton*, 41 NY2d 402, 405 [1977]). Finally, given defendant's repeated inability to abide by the conditions of his probation, we are unpersuaded by defendant's contention that the sentence imposed is harsh or excessive (*see People v Kirk*, 87 AD3d 1205 [2011]). Nor does our review of the record reveal either an abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Walts*, 34 AD3d 1043, 1044 [2006], *lv denied* 8 NY3d 850 [2007]).

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.