■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CYNTHIA RILEY, Appellant. [947 NYS2d 917]—

Malone Jr., J.

Defendant was charged with two counts of criminal sale of a controlled substance in the third degree based upon her sale of the narcotics oxycodone and oxymorphone to an undercover police officer. Pursuant to an agreement reached with County Court, defendant entered an *Alford* plea to the charges and began serving a one-year term of interim probation. If defendant successfully completed the interim probation, County Court would sentence her to five years of probation. However, if defendant failed to comply with the terms of the interim proba-

tion, she could be sentenced to any legally permissible sentence that County Court deemed appropriate. Defendant did not comply with the interim probation and was sentenced to five years in prison followed by two years of postrelease supervision.

Defendant's contention that County Court erred in accepting her plea without first holding a competency hearing pursuant to CPL 730.30 is not preserved for our review as the record before us indicates that she has failed to move to withdraw her plea or vacate the judgment of conviction (*see People v Rought*, 90 AD3d 1247, 1248 [2011], *lv denied* 18 NY3d 962 [2012]; *People v Klages*, 90 AD3d 1149, 1150 [2011], *lv denied* 18 NY3d 925 [2012]). The narrow exception to the preservation requirement is inapplicable as defendant did not make any statements during the plea allocution that negated an essential element of the crime or cast doubt upon the voluntariness of her plea (*see id.*). Although defendant was taking several prescription medications, the transcripts of her plea and other proceedings reflect that they did not affect her ability to understand the proceedings or make an intelligent choice from among the alternatives available to her (*see People v Amidon*, 79 AD3d 1158, 1159 [2010], *lv denied* 16 NY3d 741 [2011]; *People v Gomez*, 72 AD3d 1337, 1338 [2010]).

Defendant also claims that her sentence was harsh and excessive. Defendant was afforded the opportunity to avoid prison. However, she failed to comply with the terms of her interim probation and did not take responsibility for these crimes or her conduct underlying the probation violation. We perceive no abuse of discretion or extraordinary circumstances warranting a modification of the sentence imposed, which falls within the authorized sentencing range (*see* Penal Law §§ 70.45 [2] [b]; 70.70 [2] [a] [i]; 220.39; *People v Dowling*, 92 AD3d at 1035; *People v Smurphat*, 91 AD3d 980, 981 [2012], *lv denied* 18 NY3d 962 [2012]).

Peters, P.J., Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.