■ The People of the State of New York, Appellant, v Karen Vandemark, Respondent. [986 NYS2d 684]—

Rose, J. Appeal from a judgment of the Supreme Court

(Lamont, J.), rendered April 3, 2012 in Albany County, convicting defendant upon her plea of guilty of the crime of assault in the second degree.

Pursuant to a negotiated plea agreement, defendant pleaded guilty to assault in the second degree in full satisfaction of a four-count indictment arising out of her attack on her elderly, wheelchair-bound stepfather with a baseball bat. She also waived her right to appeal. In accordance with the terms of the plea agreement, County Court thereafter sentenced defendant as a second felony offender to a prison term of six years, followed by five years of postrelease supervision. Defendant appeals.

Defendant's arguments that her plea was not voluntary and that she was not afforded the effective assistance of counsel are not preserved for our review as the record does not reflect that she made an appropriate postallocution motion (*see People v White*, 104 AD3d 1056, 1056 [2013], *lv denied* 21 NY3d 1021 [2013]; *People v Lopez*, 52 AD3d 852, 853 [2008]). Also, defendant's contention that Supreme Court abused its discretion in not conducting a competency hearing prior to accepting her guilty plea is similarly unpreserved (*see People v Riley*, 97 AD3d 982, 983 [2012], *lv denied* 20 NY3d 935 [2012]; *People v Rought*, 90 AD3d 1247, 1248 [2011], *lv denied* 18 NY3d 962 [2012]). Nor did she make any statements during the plea colloquy that negated an essential element of the crime or cast doubt upon her guilt so as to invoke the exception to the preservation requirement (*see People v Rought*, 90 AD3d at 1248). Were we to consider her contentions, in any event, we would find that defendant's plea was knowing and voluntary. Supreme Court reviewed two competency reports that were conducted four months prior to entry of her guilty plea, both of which concluded that she was competent pursuant to CPL article 730. Defendant made no request for a competency hearing and, during the plea colloquy, she identified the medications she was taking, indicated that she was able to understand the proceedings and provided coherent and appropriate responses throughout the plea colloquy. Additionally, defendant confirmed that she was satisfied with the services of her attorney, who was able to secure an advantageous plea agreement for her. Finally, defendant's claim that the agreed-upon sentence was harsh and excessive is foreclosed by her waiver of appeal (*see People v Graves*, 113 AD3d 998, 999 [2014]; *People v Young*, 100 AD3d 1186, 1189 [2012], *lv denied* 21 NY3d 1021 [2013]).

Lahtinen, J.P., McCarthy, Egan Jr. and Lynch, JJ., concur. Ordered that the judgment is affirmed.