Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered February 28, 2012, convicting defendant upon his plea of guilty of the crime of murder in the second degree.
Defendant was charged in an indictment with various crimes after he confessed to strangling an unknown male and causing his death. In satisfaction of the indictment, he pleaded guilty to the crime of murder in the second degree and was to be sentenced under the terms of the plea agreement to 18 years to life in prison. During the course of the proceedings relating to the indictment, defendant was found to be in possession of a razor blade while in jail and agreed to be prosecuted by superior court information charging him with promoting prison contraband in the first degree. He pleaded guilty to this charge and agreed to waive his right to appeal. Under the terms of the plea agreement, he was to be sentenced to 2 to 6 years in prison, to run concurrently to the prison term imposed on the murder conviction. Defendant was sentenced accordingly and he now appeals.
Defendant’s sole contention is that the 18-year to life sentence imposed upon his conviction of murder in the second degree is *1192 harsh and excessive. Preliminarily, we note that, although defendant waived his right to appeal during the plea proceedings and executed a written waiver, it is not clear from the record if the waiver was part of the plea agreement relating to the murder conviction. Regardless, even if it was, we do not find that the waiver was valid inasmuch as defendant was not advised that the right to appeal was separate and distinct from the other rights that he was forfeiting by pleading guilty (see People v Watson, 115 AD3d 1016 [2014]; People v Bressard, 112 AD3d 988, 988 [2013], lv denied 22 NY3d 1137 [2014]). Hence, he is not precluded from challenging the severity of the sentence.
Turning to the merits, we do not find that the challenged sentence was either harsh or excessive. The sentence is justified by the violent and senseless nature of the crime, combined with the fact that it was the same one agreed to by defendant under the plea agreement. Indeed, we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Weiskopff, 20 AD3d 776, 776 [2005]; People v Parson, 209 AD2d 882, 884 [1994], lv denied 84 NY2d 1014 [1994]). Therefore, we decline to disturb it.
Peters, PJ., Stein, McCarthy, Rose and Devine, JJ., concur.
Ordered that the judgment is affirmed.