### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 20, 2014                    105645
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

JESSE BLACKMON,
                        Appellant.
_____

Calendar Date:   October 9, 2014

Before:  Stein, J.P., Garry, Rose, Lynch and Devine, JJ.

                        _____


        Aaron A. Louridas, Delmar, for appellant.

        Derek P. Champagne, District Attorney, Malone (Glenn
MacNeill of counsel), for respondent.

                        _____


Garry, J.

        Appeal from a judgment of the County Court of Franklin
County (Main Jr., J.), rendered March 29, 2012, convicting
defendant upon his plea of guilty of the crime of criminal sale
of a controlled substance in the fourth degree.

        In satisfaction of a two-count indictment, defendant
pleaded guilty to criminal sale of a controlled substance in the
fourth degree and waived his right to appeal.  In accord with the
plea agreement, he was sentenced as a second felony offender to
three years in prison, to be followed by three years of
postrelease supervision.  Defendant appeals.

        Initially, we note that, although defendant waived his
right to appeal, his waiver is invalid as he was not advised that

the waiver was separate and distinct from the other rights that he was forfeiting by pleading guilty (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Moyett, 7 NY3d 892, 892-893 [2006]; People v Hill, 118 AD3d 1191, 1192 [2014]).  Turning to his substantive contentions, defendant asserts that his guilty plea was not knowing, voluntary and intelligent.  Although defendant failed to preserve this claim by making an appropriate postallocution motion (see People v Vandemark, 117 AD3d 1339, 1340 [2014], lv denied 24 NY3d 965 [2014]), we are required to examine further, as he argues that the narrow exception to the preservation requirement was triggered by his statements in the course of the plea colloquy negating an essential element of the crime to which he pleaded guilty (see People v Worden, 22 NY3d 982, 985 [2013]; People v Lopez, 71 NY2d 662, 666 [1988]; People v Zabele, 53 AD3d 685, 686 [2008]).

Defendant pleaded guilty to criminal sale of a controlled substance in the fourth degree (see Penal Law § 220.34).  During the plea allocution, he related that he was pleading guilty "under false pretenses" and stated, "I wasn't selling nothing, I was bringing it to someone else."  County Court responded by advising defendant that "[t]he law defines a sale as any transfer, any giving, selling, transferring" and noted that "[i]t doesn't have to be for money, it doesn't have to be for anything of value" (see Penal Law § 220.00 [1]).  Defendant thereafter replied that he was aware of this and, in response to further inquiry by the court, admitted that he had engaged in such conduct.  Upon review, we find that the court's further inquiries and defendant's responses were adequate to dispel any doubt as to defendant's understanding of the nature of the charge, and to ensure that his plea was intelligently entered (compare People v Ocasio, 265 AD2d 675, 678 [1999]).  Thus, we find the exception inapplicable.

The record of defendant's participation at both the plea proceeding and arraignment does not support his further contention that he was deprived of the effective assistance of counsel due to his attorney's failure to request a CPL article 730 competency hearing.  Defendant is presumed competent, and a history of mental illness and substance abuse does not necessarily rebut this presumption (see People v Bennett, 30 AD3d

631, 631 [2006], <u>lv denied</u> 7 NY3d 809 [2006]; <u>People v Medina</u>, 249 AD2d 694, 694 [1998]).  No record evidence suggests that defense counsel's decision was not "a sound defense strategy," or that defendant was otherwise deprived of meaningful representation (<u>People v Barclay</u>, 1 AD3d 705, 707 [2003], <u>lv denied</u> 1 NY3d 567 [2003] [internal quotation marks and citations omitted]).  Defendant's counsel ultimately negotiated a favorable plea agreement that substantially reduced his sentencing exposure (see <u>People v Leszczynski</u>, 96 AD3d 1162, 1162-1163 [2012], <u>lv denied</u> 19 NY3d 998 [2012]).  The sentence was imposed in accord with that agreement and, considering defendant's prior criminal history, we find his claim that it was harsh and excessive without merit (see <u>People v Sherald</u>, 45 AD3d 973 [2007], <u>lv denied</u> 10 NY3d 771 [2008]).

Stein, J.P., Rose, Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court