### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 11, 2014                    105588
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
                    Respondent,

            v                          MEMORANDUM AND ORDER

CHRISTOPHER STOVER,
                    Appellant.
_____

Calendar Date:  October 16, 2014

Before:  Lahtinen, J.P., Garry, Egan Jr., Lynch and Devine, JJ.

_____

        Michael I. Getz, Greenfield Center, for appellant, and
appellant pro se.

        Robert M. Carney, District Attorney, Schenectady (Gerald A.
Dwyer of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the County Court of Schenectady
County (Drago, J.), rendered March 21, 2012, convicting defendant
upon his plea of guilty of the crime of burglary in the second
degree.

        In satisfaction of a four-count indictment, defendant
pleaded guilty to burglary in the second degree and waived his
right to appeal the conviction and sentence.  He was subsequently
sentenced, as agreed, to a prison term of five years and 2½ years
of postrelease supervision.  Defendant now appeals.

        Defendant argues that he was not mentally competent to
enter a plea and, while that issue impacts the voluntariness of

his plea and therefore survives his appeal waiver, it is unpreserved due to his apparent failure to apply for appropriate postallocution relief (see People v Vandemark, 117 AD3d 1339, 1340 [2014], lv denied 24 NY3d 965 [2014]; People v Chavis, 117 AD3d 1193, 1194 [2014]).  His argument that County Court "abused its discretion in not conducting a competency hearing prior to accepting [his] guilty plea is similarly unpreserved" (People v Vandemark, 117 AD3d at 1340).  Contrary to defendant's contention, he admitted to committing the crime in question during the plea colloquy and said nothing that would "raise any question as to his guilt or voluntariness of his plea" so as to trigger the exception to the preservation rule (People v Klages, 90 AD3d 1149, 1150 [2011], lv denied 18 NY3d 925 [2012]; see People v Keyes, 300 AD2d 909, 909-910 [2002]).

Even if defendant's claims were preserved, we would find them to be without merit.  We note that a criminal defendant is presumed to be competent to stand trial (see People v Klages, 90 AD3d at 1150).  A defendant with a history of mental illness may still be competent to enter a knowing and voluntary plea and such history does not necessarily require the trial court to direct a CPL article 730 hearing (see People v Chavis, 117 AD3d at 1194).  Here, the court inquired with regard to defendant's mental health and observed that he was alert and responding appropriately (see People v Winters, 73 AD3d 1277, 1277-1278 [2010], lv denied 15 NY3d 811 [2010]; People v Gomez, 72 AD3d 1337, 1338 [2010]), and "nothing in the record of the plea proceedings suggested any impairment of defendant's ability to understand the proceedings" such as to warrant additional inquiry (People v Jenks, 69 AD3d 1120, 1121 [2010], lv denied 14 NY3d 841 [2010]; see People v Chavis, 117 AD3d at 1194).

The arguments raised by defendant in his pro se brief have been reviewed and are either precluded by his valid appeal waiver or involve matters outside the record.

Lahtinen, J.P., Garry, Egan Jr. and Devine, JJ., concur.

ORDERED that the judgment is affirmed.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court