*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 12, 2015                    106169
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                   MEMORANDUM AND ORDER

LARRY D. DUFFY,
                    Appellant.
_____

Calendar Date:   January 6, 2015

Before:   Garry, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Abbie Goldbas, Utica, for appellant.

        Gerald F. Mollen, District Attorney, Binghamton (Carole M.
Cassidy of counsel), for respondent.

_____

Garry, J.P.

        Appeal from a judgment of the County Court of Broome County
(Smith, J.), rendered July 23, 2014, convicting defendant upon
his plea of guilty of the crime of criminal possession of a
forged instrument in the second degree.

        Defendant waived indictment and entered a guilty plea to a
superior court instrument charging him with criminal possession
of a forged instrument in the second degree, which also satisfied
other charges.  He was sentenced, as agreed, as a second felony
offender to a prison term of 2 to 4 years, and now appeals.

        We affirm.  Defendant's contentions that his plea was not
voluntary and that County Court erred in accepting his guilty
plea without conducting a hearing to determine his competency

were not preserved for our review by a postallocution motion to withdraw his plea (see People v Vandemark, 117 AD3d 1339, 1340 [2014], lv denied 24 NY3d 965 [2014]; People v Bennett, 30 AD3d 631, 631 [2006], lv denied 7 NY3d 809 [2006]; compare People v D'Adamo, 281 AD2d 751, 752-753 [2001]).  Moreover, a defendant is presumed competent and, absent reasonable grounds to believe that he or she is incapable of understanding the proceedings due to a mental disease or defect, a court is not required to order a competency hearing based solely upon a history of substance abuse or mental illness (see People v Blackmon, 122 AD3d 1071, 1072-1073 [2014]; People v Dowling, 92 AD3d 1034, 1034 [2012], lv denied 18 NY3d 993 [2012]; People v Woodard, 17 AD3d 929, 930 [2005], lv denied 5 NY3d 811 [2005]).

A review of the plea proceedings and defendant's participation therein discloses nothing to support the conclusion that he was suffering from mental illness or was under the influence of medication that clouded his judgment so as to render him incapable of voluntarily entering a guilty plea (see People v Riley, 97 AD3d 982, 983 [2012], lv denied 20 NY3d 935 [2012]; compare People v Hennessey, 111 AD3d 1166, 1167-1168 [2013]).  Defendant provided coherent responses to County Court's inquiry, indicated that he understood and made no statements that called into question the voluntariness of his plea so as to alert the court of the need to inquire as to his competency or to hold a competency hearing (see CPL 730.30 [1]; People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Tafari, 90 AD3d 1341, 1342-1343 [2011], lv denied 19 NY3d 977 [2012]; People v Rought, 90 AD3d 1247, 1248 [2011], lv denied 18 NY3d 962 [2012]).  Although the presentence investigation report reflects defendant's self-reported substance abuse history and mental health problem for which he receives medication, "the record as a whole reflects no grounds to believe that defendant was incapable of understanding the proceedings against him due to mental disease or defect [or that he suffered medication side-effects]" (People v Bennett, 30 AD3d at 631).  Thus, we discern no error in the court accepting defendant's guilty plea.

Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court