People v Hilts (2018 NY Slip Op 00353)





People v Hilts


2018 NY Slip Op 00353


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

107505

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ALTON HILTS, Appellant.

Calendar Date: December 14, 2017

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Kathryn S. Dell, Troy, for appellant.
Robert M. Carney, District Attorney, Schenectady (Jennifer Uhl, Law Intern), for respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Loyola, J.), rendered February 10, 2015, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of criminal sale of a controlled substance in the third degree. At a subsequent appearance before County Court (Drago, J.), and in full satisfaction of both the superior court information and other pending drug-related charges, defendant waived his right to appeal and pleaded guilty to the charged crime. Consistent with the terms of the plea agreement, County Court (Loyola, J.) thereafter sentenced defendant as a second
felony offender to four years in prison followed by three years of postrelease supervision. Defendant now appeals.
Defendant argues on appeal that County Court (Drago, J.) failed to adequately explore defendant's stated mental health issues (depression, anxiety and a sleep disorder) and erred in accepting his plea without first conducting a competency hearing. Although defendant's arguments on these points survive his uncontested waiver of the right to appeal, such claims are unpreserved for our review absent record evidence of an appropriate postallocution motion (see People v Duffy, 126 AD3d 1142, 1142 [2015]; People v Borden, 91 AD3d 1124, 1125 [2012], lv denied 19 NY3d 862 [2012]; People v Stoddard 67 AD3d 1055, 1055 [2009], lv denied 14 NY3d 806 [2010]). Were we to reach this issue, we would find it to be lacking in merit.
"[A] defendant is presumed competent and, absent reasonable grounds to believe that he or she is incapable of understanding the proceedings due to a mental disease or defect, a court is not required to order a competency hearing based solely upon a history of substance abuse or mental illness" (People v Duffy, 126 AD3d at 1142; see People v Bennett, 30 AD3d 631, 631 [2006], lv denied 7 NY3d 809 [2006]). Here, a review of the plea colloquy confirms that defendant responded appropriately to County Court's inquiries, indicated that he understood the nature of the proceedings and assured the court that he wished to proceed (see People v Sorey, 55 AD3d 1063, 1064 [2008], lv denied 11 NY3d 930 [2009]; People v Bennett, 30 AD3d at 631; People v Mears, 16 AD3d 917, 918 [2005]). The record similarly reflects that defendant "made no statements that called into question the voluntariness of his plea so as to alert the court of the need to inquire as to his competency or to hold a competency hearing" (People v Duffy, 126 AD3d at 1142; see People v Rought, 90 AD3d 1247, 1248 [2011], lv denied 18 NY3d 962 [2012]; People v Bennett, 30 AD3d at 631). Under these circumstances, we would not find that County Court erred in accepting defendant's plea without first conducting a competency hearing (see People v Duffy, 126 AD3d at 1143; People v Mears, 16 AD3d at 918). To the extent that defendant's related ineffective assistance of counsel claim implicates the voluntariness of his plea and, therefore, survives the appeal waiver, this issue is similarly unpreserved for our review (see People v Baxter, 154 AD3d 1010, 1011 [2017]; People v Williams, 150 AD3d 1549, 1551 [2017]; People v Borden, 91 AD3d at 1125-1126). Additionally, for the reasons previously discussed, were this issue properly before us, we would find it to be lacking in merit.
McCarthy, J.P., Egan Jr., Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.