People v Park (2018 NY Slip Op 01504)





People v Park


2018 NY Slip Op 01504


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

107754

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MIN KWAN A. PARK, Appellant.

Calendar Date: January 17, 2018

Before: Egan Jr., J.P., Devine, Mulvey, Aarons and Rumsey, JJ.


John A. Cirando, Syracuse, for appellant.
Palmer J. Pelella, Special Prosecutor, Owego, for respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 18, 2015, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.
Defendant was indicted for assault in the first degree stemming from an incident in December 2012 during which he stabbed his father with a knife. While incarcerated on that charge, defendant assaulted a fellow inmate by punching him in the face and head. Defendant subsequently waived indictment and agreed to be prosecuted by a superior court information charging him with assault in the second degree. In satisfaction thereof, he pleaded guilty to attempted assault in the second degree in exchange for a sentence of nine months in jail. Thereafter, at
the same proceeding, the parties agreed to a disposition of the first degree assault charge in which defendant was permitted to enter a plea of not responsible by reason of mental disease or defect. County Court accepted the plea [FN1] and, after a subsequent psychiatric evaluation, defendant was remanded to a psychiatric facility from September 4, 2014 until October 29, 2014. In June 2015, defendant was sentenced to time served on his plea of guilty to attempted assault in the second degree. He now appeals from the judgment of conviction related thereto.
Defendant's contentions that his guilty plea was not knowingly, voluntarily and intelligently entered and that County Court erred in accepting such plea without first ordering a competency hearing are unpreserved for our review, as the record does not reflect that defendant made an appropriate postallocution motion (see People v Hilts, 157 AD3d 1123, 1124 [2018]; People v Duffy, 126 AD3d 1142, 1142 [2015]; People v Vandemark, 117 AD3d 1339, 1340 [2014], lv denied 24 NY3d 965 [2014]). Nor did defendant make any statements during the plea colloquy that negated an essential element of the crime or otherwise cast doubt upon his guilt so as to trigger the narrow exception to the preservation rule (see People v Stover, 123 AD3d 1232, 1232 [2014], lv denied 26 NY3d 936 [2015]; People v Vandemark, 117 AD3d at 1340; People v Rought, 90 AD3d 1247, 1248 [2011], lv denied 18 NY3d 962 [2012]). Nevertheless, were we to consider these issues, we would find them to be without merit.
"A defendant is presumed to be competent and is not entitled, as a matter of law, to a competency hearing unless the court has reasonable grounds to believe that, because of mental disease or defect, the defendant is incapable of assisting in his or her own defense or of understanding the proceedings against him or her" (People v Yu-Jen Chang, 92 AD3d 1132, 1134 [2012] [internal quotation marks, brackets and citations omitted]; see CPL 730.10 [1]; People v Tortorici, 92 NY2d 757, 765 [1999], cert denied 528 US 834 [1999]; People v Johnson, 145 AD3d 1109, 1110 [2016], lv denied 29 NY3d 949 [2017]). Although the record confirms that defendant had been an inpatient at various psychiatric treatment facilities and was diagnosed with certain mental disorders following the 2012 assault on his father, "[a] trial court is not required to hold a CPL article 730 hearing simply because a defendant has a history of mental illness, and such a history does not necessarily render a defendant incompetent to enter a knowing and voluntary plea" (People v Barclay, 1 AD3d 705, 706 [2003] [internal citations omitted], lv denied 1 NY3d 567 [2003]; accord People v Tafari, 90 AD3d 1341, 1342 [2011], lv denied 19 NY3d 977 [2012]; People v Harrison, 52 AD3d 969, 970 [2008], lv denied 11 NY3d 737 [2008]; see People v Tortorici, 92 NY2d at 765; People v Morgan, 87 NY2d 878, 880 [1995]). "[N]or is a subsequent finding of mental illness evidence of a lack of competency during the subject time period" (People v Bilal, 79 AD3d 900, 902 [2010], lv denied 16 NY3d 856 [2011]; see People v Gelikkaya, 84 NY2d 456, 459-460 [1994]; People v Coons, 73 AD3d 1343, 1345 [2010], lv denied 15 NY3d 803 [2010]).
Here, a review of the plea proceedings and defendant's participation therein discloses nothing to support the conclusion that he was mentally incompetent at the time that he entered his guilty plea. During the plea colloquy, defendant gave appropriate and coherent responses to County Court's inquiries, indicated that he understood each of the rights he was relinquishing and the consequences of his plea, affirmed that he was entering his guilty plea freely and voluntarily, provided details of the crime to which he was pleading and readily admitted that he had, in fact, committed such crime. Furthermore, at no point during the plea proceeding did defense counsel, "who was in the best position to assess defendant's capacity," raise the issue of defendant's fitness to proceed or request a CPL 730.30 examination (People v Gelikkaya, 84 NY2d at 460; see People v Tortorici, 92 NY2d at 767; People v Ferrer, 16 AD3d 913, 914 [2005], lv denied 5 NY3d 788 [2005]). To the contrary, counsel represented that defendant had coherent communications with him about the case and confirmed that defendant had the capacity to understand the proceedings and to assist in his own defense. Under these circumstances, we would find no abuse of discretion in County Court's acceptance of defendant's guilty plea without holding a competency hearing (see People v Duffy, 126 AD3d at 1142; People v Harrison, 52 AD3d at 970; People v Mears, 16 AD3d 917, 918 [2005]; People v Stonis, 246 AD2d 911, 911 [1998], lv denied 92 NY2d 883 [1998]; People v Dover, 227 AD2d 804, 805 [1996], lv denied 88 NY2d 984 [1996]).
Defendant's claim that he was denied the effective assistance of counsel is similarly unpreserved for our review absent a postallocution motion (see People v Sumter, 157 AD3d 1125, 1126 [2018]; People v Dubois, 150 AD3d 1562, 1563-1564 [2017]). In any event, for the reasons previously discussed, we would reject defendant's contention that counsel's failure to request a competency hearing constituted ineffective assistance (see People v Hilts, 157 AD3d at 1124; People v Kot, 126 AD3d 1022, 1025 [2015], lv denied 25 NY3d 1203 [2015]; People v Tafari, 90 AD3d at 1343; People v Lafoe, 75 AD3d 663, 663-664 [2010], lv denied 15 NY3d 953 [2010]). Finally, defendant's claim that counsel was ineffective for failing to pursue a defense of not guilty by reason of mental disease or defect, as he had with respect to the 2012 assault, concerns matters outside of the record and is more properly pursued in a CPL article 440 motion (see People v Shiels, 93 AD3d 992, 993 [2012]; People v Holdip, 87 AD2d 598, 598 [1982]; see also People v Lafoe, 75 AD3d at 664).
Egan Jr., J.P., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant's subsequent motion to withdraw this plea on the ground that he was denied the effective assistance of counsel was denied.