People v Reap (2018 NY Slip Op 05375)





People v Reap


2018 NY Slip Op 05375


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
DAVID A. REAP, Appellant.

Calendar Date: June 8, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and

 Pritzker, JJ.

John R. Trice, Elmira, for appellant.
Matthew VanHouten, District Attorney, Ithaca (Andrew J. Bonavia of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the County Court of Tompkins County (Cassidy, J.), rendered August 15, 2016, convicting defendant upon his pleas of guilty of the crimes of sexual abuse in the first degree and rape in the second degree.
Defendant was charged in an indictment with rape in the second degree and endangering the welfare of a child. Six months later, he was charged in a superior court information with sexual abuse in the first degree. He thereafter pleaded guilty as charged in the superior court information and to rape in the second degree in full satisfaction of the indictment and waived the right to appeal. County Court imposed the agreed-upon concurrent sentences of six months in jail, followed by 10 years of postrelease supervision. Defendant appeals.
We affirm. Contrary to defendant's contention, the plea colloquy and written appeal waivers demonstrate that he knowingly, intelligently and voluntarily waived the right to appeal (see People v Scott, 139 AD3d 1266, 1266 [2016], lv denied 27 NY3d 1155 [2016]; People v Barton, 126 AD3d 1238, 1239 [2015], lv denied 26 NY3d 1142 [2016]).
Defendant's challenges to the factual sufficiency of his allocution to the rape charge and to the voluntariness of his guilty plea to the sexual abuse charge are not preserved for our review, as the record does not reflect that he made an appropriate postallocution motion (see People v Bailey, 158 AD3d 948, 948 [2018]; People v Hankerson, 147 AD3d 1153, 1153 [2017], lv denied 29 NY3d 998 [2017]). Further, defendant did not make any statements during the plea colloquy that were inconsistent with his guilt of the rape charge or otherwise called into question the voluntariness of the plea so as to trigger the narrow exception to the preservation rule (see People v Strong, 124 AD3d 992, 992 [2015]; People v Saddlemire, 50 AD3d 1317, 1318 [2008]).
The narrow exception to the preservation rule is also not applicable to the guilty plea on the sexual abuse charge, "as County Court did not accept [the] plea without further inquiry after the allocution cast significant doubt upon . . . defendant's guilt or otherwise called into question the voluntariness of the plea" (People v Ferro, 101 AD3d 1243, 1244 [2012], lv denied 20 NY3d 1098 [2013] [internal quotation marks, brackets and citation omitted]; see People v Lopez, 71 NY2d 662, 666 [1988]). Although defendant initially indicated at the plea colloquy that the sexual contact related to the sexual abuse charge was consensual, negating the required element of forcible compulsion for that charge (see Penal Law § 130.65 [1]), County Court conducted a sufficient inquiry and, after defendant was allowed a recess to speak with counsel, he admitted that the sexual contact was not consensual and that force was involved (see People v Edwards, 55 AD3d 1337, 1338 [2008], lv denied 11 NY3d 924 [2009]; People v Tavares, 282 AD2d 880, 880-881 [2001], lv denied 96 NY2d 868 [2001]).
Defendant's claim that his pleas were not voluntary because County Court should not have accepted his plea without inquiring into his mental competency to plead guilty is similarly unpreserved for lack of an appropriate postallocution motion (see People v Hilts, 157 AD3d 1123, 1124 [2018]; People v Vandemark, 117 AD3d 1339, 1340 [2014], lv denied 24 NY3d 965 [2014]). In any event, the record reflects that, prior to entering his pleas, defendant's competency to proceed was the subject of proceedings under CPL article 730, resulting in County Court issuing an order of commitment on February 10, 2016. On April 15, 2016, defendant was deemed no longer incapacitated and fit to proceed, and defendant made no statements during the plea proceedings "that called into question the voluntariness of his plea so as to alert the court of the need to inquire as to his competency or to hold a competency hearing" (People v Duffy, 126 AD3d 1142, 1142 [2015]; accord People v Hilts, 157 AD3d at 1124).
Finally, defendant's contention that he was denied the effective assistance of counsel survives his appeal waivers to the extent it impacts the voluntariness of his pleas, but is unpreserved due to the lack of a postallocution motion (see People v Sumter, 157 AD3d 1125, 1126 [2018]; People v Lewis, 143 AD3d 1183, 1185 [2016]). Notably, his claim that counsel was ineffective for not more thoroughly investigating possible defenses to the charges involves matters outside of the record and are more properly the subject of a CPL article 440 motion (see People v Park, 159 AD3d 1132, 1134 [2018], lv denied ___ NY3d ___ [May 30, 2018]; People v Shiels, 93 AD3d 992, 993 [2012]).
McCarthy, J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.