People v Jackson (2018 NY Slip Op 05536)





People v Jackson


2018 NY Slip Op 05536


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018

108671

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
MARQUIS JACKSON, Appellant.

Calendar Date: June 5, 2018

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


John Ferrara, Monticello, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered July 8, 2016 in Albany County, convicting defendant upon his plea of guilty of the crimes of aggravated criminal contempt and failure to register or verify as a sex offender.
Defendant, a risk level two sex offender, was charged in a seven-count indictment with various crimes stemming from two separate incidents that occurred in late 2015. Additionally, defendant was charged in a superior court information with failure to register or verify as a sex offender. Pursuant to a negotiated plea agreement, the People agreed to dismiss the top two counts of the indictment and permit defendant to plead guilty to count 3 (aggravated criminal contempt) in full satisfaction of the remaining counts with the understanding that defendant would waive his right to appeal and would be sentenced to a prison term of 3½ to 7 years. The plea agreement also encompassed the superior court information and, in that regard, defendant agreed to waive indictment, as well as his right to appeal, and plead guilty to failure to register or verify as a sex offender in exchange for one year in the local jail — to be served concurrently with the agreed-upon prison term to be imposed upon his conviction of aggravated criminal contempt. Following execution of the relevant waivers, defendant pleaded guilty to the charged crimes and thereafter was sentenced in accordance with the terms of the plea agreement. Defendant now appeals.
Although defendant's present claims — that his guilty plea was not knowing, intelligent and voluntary and that Supreme Court erred in accepting his plea without first conducting a [*2]competency hearing — survive a valid waiver of the right to appeal (see People v Hilts, 157 AD3d 1123, 1124 [2018]; People v Schreiner, 140 AD3d 1399, 1399 [2016]; People v Stover, 123 AD3d 1232, 1232 [2014], lv denied 26 NY3d 936 [2015]), "such claims are unpreserved for our review absent record evidence of an appropriate postallocution motion" (People v Hilts, 157 AD3d at 1124; see People v Duffy, 126 AD3d 1142, 1142 [2015]; People v Stover, 123 AD3d at 1232; People v Agrusti, 123 AD3d 1158, 1158 [2014], lv denied 26 NY3d 1142 [2016]). Additionally, given that "defendant did not make any statements during his plea allocution that would cast doubt on his guilt or negate an element of the [charged] crime[s]," the narrow exception to the preservation requirement was not triggered (People v Agrusti, 123 AD3d at 1158; see People v Stover, 123 AD3d at 1232; People v Vandemark, 117 AD3d 1339, 1340 [2014], lv denied 24 NY3d 965 [2014]), and we decline defendant's invitation to take corrective action in the interest of justice.
In any event, were we to address defendant's arguments, we would find them to be lacking in merit. "A defendant is presumed competent and, absent reasonable grounds to believe that he or she is incapable of understanding the proceedings due to a mental disease or defect, a court is not required to order a competency hearing based solely upon a history of substance abuse or mental illness" (People v Hilts, 157 AD3d at 1124 [internal quotation marks, brackets and citations omitted]; see People v Spencer, 156 AD3d 731, 732 [2017]; People v Blackmon, 122 AD3d 1071, 1072 [2014], lv denied 24 NY3d 1218 [2015]). Despite expressing some initial confusion regarding his ability to obtain "a psychiatric evaluation," defendant never requested a competency hearing (see People v Vandemark, 117 AD3d at 1340) and, in response to Supreme Court's inquiry, confirmed that he was waiving any motions or hearings that could be made or requested upon his behalf. Defendant identified the medications he was taking, assured the court that he was thinking clearly, indicated that he understood the proceedings and, on balance, provided coherent and appropriate responses during the course of the plea colloquy (see id.). Under these circumstances, we would not find that defendant made any statements that either called into question the voluntariness of his plea or otherwise alerted Supreme Court "of the need to inquire as to his competency or to hold a competency hearing" (People v Hilts, 157 AD3d at 1124 [internal quotation marks and citation omitted]; see People v Bennett, 30 AD3d 631, 631 [2006], lv denied 7 NY3d 809 [2006]). Accordingly, the judgment of conviction is affirmed.
Garry, P.J., Egan Jr., Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.