■ The People of the State of New York, Respondent, v Michael A. Wilkinson, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered August 3, 1988, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the fifth degree.

Defendant was indicted on two counts of criminal sale of a controlled substance in the fifth degree and two counts of criminal possession of a controlled substance in the fifth degree, all class D felonies. The charges stemmed from two separate incidents, one on March 7, 1986 and the other on March 13, 1986, and as a result were contained in two separate indictments. Just before jury selection on the day set for trial, defendant requested the appointment of a new attorney to represent him. His request was denied due to its lateness. Thereupon, defendant indicated his willingness to accept the plea bargain previously offered him. This agreement permitted defendant to plead guilty to one count of criminal sale in the fifth degree and one count of criminal possession in the fifth degree, and to have a further charge

then pending against him of criminal sale of a controlled substance in the third degree dismissed, in exchange for the imposition of concurrent prison sentences of 3½ to 7 years on each count. In the course of reciting the terms of the plea bargain for the record, the Assistant District Attorney stated that if convicted of the charges, defendant would be required to receive consecutive sentences, since the crimes were committed a week apart. The prosecution concedes on this appeal that such statement was error. Defendant now urges that the statement induced his plea and was coercive, that he should have been assigned new counsel, and that the sentence imposed, although in accordance with the plea bargain, was harsh and excessive.

The record reveals that defendant made no motion to withdraw his plea at the time of his sentencing; nor did defendant ever demonstrate good cause why new counsel should have been assigned to him on the day scheduled for trial, which was over 16 months after his indictment. In these circumstances, we find no abuse of discretion in County Court's denial of defendant's request for new counsel (see, People v Tineo, 64 NY2d 531, 536-537; People v Medina, 44 NY2d 199, 207-208).

In regard to the prosecutor's misstatement of the law relating to consecutive sentences, we find it significant that defendant had indicated a willingness to accept the plea bargain before the misstatement was made, and defendant never questioned the statement or stated that he felt compelled by it or that he was relying on it in entering his plea of guilty. Defendant was at all times represented by competent counsel. The plea bargain he received was fair and favorable in all respects, and at the time of sentencing defendant must have so considered it since he made no effort to withdraw his plea.

We find that the plea was freely and voluntarily made by defendant and that the sentence imposed was neither harsh nor excessive. The judgment of conviction should be affirmed.

Judgment affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.