OPINION OF THE COURT
John M. Hunt, J.
By petition filed on June 6, 2003, respondent is alleged to have committed acts which, were she an adult, would constitute the crimes of attempted gang assault in the second degree, assault in the third degree, and attempted assault in the third degree.
*660 Respondent has moved, inter alia, for an order dismissing count one of the petition as a “non-existent crime” pursuant to Family Court Act § 315.1 (1).
Respondent’s motion is decided as follows.
Count one of the petition charges respondent with committing acts which would constitute the crime of attempted gang assault in the second degree under Penal Law §§ 110.00 and 120.06. The petition alleges that respondent “in the County of Queens on or about May 13, 2003, with intent to cause physical injury to another person and aided by two or more persons actually present, attempted to cause physical injury to Sarah Valdiz.”
Penal Law § 120.06 provides that a person is guilty of the crime of gang assault in the second degree when: “with intent to cause physical injury to another person and when aided by two or more other persons actually present, he causes serious physical injury to such person or a third person.” Both gang assault in the first degree (Penal Law § 120.07) and gang assault in the second degree contain the common element of the commission of an assault upon another person “with the aid of others” (Senate Mem in Support, 1996 McKinney’s Session Laws of NY, at 2581, 2582), although the mens rea required for each of the crimes is different (id. at 2581). The first degree crime is committed when a person aided by at least two others actually present and with intent to cause serious physical injury does cause serious physical injury to the victim, and “[t]he second degree crime is committed when a person, with intent to cause physical injury to [another] and when aided by two or more other persons actually present, causes serious physical injury to such person or a third person” (id. at 2581-2582). Thus, for example, where defendant was part of a group “that jointly confronted, attacked, and caused serious physical injury to the victim,” the verdict convicting him of gang assault in the second degree was based upon legally sufficient evidence (People v Rosario, 293 AD2d 298 [2002]).
While it is theoretically possible to charge gang assault in the first degree as an attempt because Penal Law § 120.07 requires that the perpetrators act with the intent to cause serious physical injury and the statute imposes culpability for the resulting serious physical injury (see, Senate Mem, supra at 2581; People v Gregory, 290 AD2d 810 [2002] [gang assault in the first degree requires specific intent]; People v Marquez, 298 AD2d 407, 408 [2002], lv denied 99 NY2d 560 [2002]; People v Garlais, 281 AD2d 431, 432 [2001] [affirming conviction for at *661 tempted gang assault in the first degree]), the asserted crime charged in this petition, attempted gang assault in the second degree, is a legally impossible crime. Penal Law § 120.06 requires that the perpetrators act with intent to cause physical injury but criminal liability is imposed for the resulting serious physical injury to the victim although perpetrators did not act with the intent to cause such serious physical injury (see, Senate Mem, supra at 2581). The imposition of criminal liability for the unintended result of intentional conduct is the very essence of a strict liability crime (Penal Law § 15.10),[1] and there cannot be an attempt to cause an unintended result (People v Campbell, 72 NY2d 602, 604-606 [1988]; People v Coleman, 74 NY2d 381, 385 [1989]; People v Martinez, 81 NY2d 810, 812 [1993]; People v Saunders, 85 NY2d 339, 343-344 [1995]; People v Williams, 291 AD2d 891, 892-893 [2002]).[2]
Accordingly, count one of the petition is dismissed in accordance with Family Court Act § 315.1 (1).

. Penal Law § 15.10 provides, in pertinent part, that “if an offense of some material element thereof does not require a culpable mental state on the part of the actor, such offense is one of ‘strict liability’.”

. Indeed, the count charging attempted gang assault in the second degree is defective in that it alleges that respondent “with intent to cause physical injury to another person and aided by two or more other persons actually present attempted to cause serious physical injury” to the victim. This allegation does not constitute the crime defined by Penal Law § 120.06, nor does it constitute an attempt to commit that crime. Simply put, a gang assault undertaken with intent to cause physical injury to the victim but which does not result in the infliction of serious physical injury does not constitute the crime of gang assault in the second degree nor an attempt to commit that crime, although it may still be punishable as an assault under other provisions of the Penal Law (e.g., Penal Law § 120.00 [1]). This is consistent with the legislative history which makes clear that the gang assault statutes were enacted to penalize group assaults resulting in severe injury to the victim (Senate Mem, supra at 2582; Governor’s Mem approving L 1996, ch 647, 1996 McKinney’s Session Laws of NY, at 1919).