■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO ROBLES, Appellant. [772 NYS2d 516]—

Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered May 30, 2000, convicting defendant, upon his plea of guilty, of murder in the second degree and two counts of assault in the first degree, and sentencing him to an aggregate term of 15 years to life, unanimously affirmed.

Defendant's assertion that his plea was not knowing and voluntary because he was allegedly misinformed about the possibility of receiving consecutive sentences in the event of convictions after trial for murder and assault is unpreserved since he never

sought to withdraw or vacate his plea (*see People v Lopez*, 71 NY2d 662 [1988]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the record does not establish that defendant's plea was the product of any misapprehension as to his sentencing exposure (*see People v Garcia*, 92 NY2d 869 [1998]), and we would further find that defendant received effective assistance of counsel (*see People v Ford*, 86 NY2d 397, 404 [1995]). In any event, the record is not adequate to determine, as a matter of law, that the court and prosecutor's references to the possibility of consecutive sentencing upon conviction after trial was incorrect. The present record does not establish whether defendant injured his victims through a single act or whether there were separate, successive acts (*see* Penal Law § 15.00 [1]; § 70.25 [2]).

The record does not support the conclusion that the court should have ordered a competency hearing, sua sponte (*see People v Morgan*, 87 NY2d 878 [1995]).

Defendant's remaining contentions, including those contained in his pro se supplemental brief, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Andrias, J.P. Saxe, Sullivan and Gonzalez, JJ.