THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMIAN JOHNSON, SR., Appellant. [808 NYS2d 515]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered October 31, 2003. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of grand larceny in the fourth degree (Penal Law § 155.30 [1]), defendant contends that Supreme Court abused its discretion in denying his motion to withdraw his guilty plea. We reject that contention. Defendant contended in support of his motion that his plea was not knowingly and voluntarily entered because the prosecutor misstated the maximum term of incarceration that could be imposed if defendant did not accept the plea bargain, and neither the court nor defense counsel corrected that misstatement. Contrary to defendant's contention, the prosecutor's misstatement that defendant could be sentenced as a persistent felony offender "is not, in and of itself, dispositive" of the issue whether defendant's plea was knowingly and voluntarily entered (*People v Garcia*, 92 NY2d 869, 870 [1998]). Rather, various factors must be considered, "including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused" (*People v Hidalgo*, 91 NY2d 733, 736 [1998]). Here, the 32-year-old defendant had a number of experiences

with the criminal justice system, and his plea was in satisfaction of another crime for which he received no additional jail time. We conclude on the record before us "that the length of the sentence was but one of many elements considered by the defendant before the plea was accepted" and, in view of the fact that the misstatement is only one of various factors that must be considered in determining whether the plea was knowingly and voluntarily entered (*Garcia*, 92 NY2d at 870-871), we conclude that the court did not abuse its discretion in denying defendant's motion. Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Martoche, JJ.