■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW C. SMITH, Appellant. [853 NYS2d 440]—

Kavanagh, J.

Defendant was charged in two separate indictments with the crime of criminal sale of a controlled substance in the third degree after selling cocaine to an undercover police officer in April and June 2006. Following consolidation of the indictments, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree in full satisfaction of the charges. Consistent with the plea agreement, County Court sentenced him as a second felony offender to a prison term of 3½ years, with three years of postrelease supervision. Defendant now appeals.

We affirm. Defendant's challenge to the voluntariness of his plea is unpreserved for our review given his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Folk*, 43 AD3d 1229, 1230 [2007], *lv denied* 9 NY3d 1033 [2008]; *People v Brill*, 42 AD3d 823, 823 [2007], *lv denied* 9 NY3d 960 [2007]). In any event, even assuming that defendant's contention that County Court misrepresented the maximum sentence defendant was facing under the indictments at his arraignment is correct, inaccurate information concerning sentence exposure is not dispositive of whether a plea was knowingly and voluntarily entered (*see People v Garcia*, 92 NY2d 869, 870 [1998]). Furthermore, as our review of the record reveals no evidence that defendant relied on this information in entering his plea, we are convinced that defendant entered a knowing, voluntary and intelligent plea (*see People v Wilkinson*, 151 AD2d 801, 802 [1989], *lv denied* 74 NY2d 821 [1989]). Finally, as both indictments are for offenses defined by the same statutory provision, we find that County Court acted within its discretion in consolidating the indictments pursuant to the People's application (*see* CPL 200.20 [2] [c]; [4]; *People v Ferrer*, 17 AD3d 777, 777 [2005], *lv denied* 5 NY3d 788 [2005]).

Cardona, P.J., Spain, Carpinello and Stein, JJ., concur. Ordered that the judgment is affirmed.