THIRD DEPARTMENT, JANUARY, 2010

(January 7, 2010)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN ORTIZ, Also Known as JOSE VELEZ, Appellant. [892 NYS2d 622]—

On August 10, 2006, in satisfaction of a 17-count indictment, defendant pleaded guilty to two counts of criminal possession of

a weapon in the second degree and one count each of assault in the second degree and attempted robbery in the first degree. Under the terms of the plea agreement, he waived his right to appeal and was to be sentenced as a persistent violent felony offender to an aggregate prison term of 15 years to life. The following day, defendant entered a plea of guilty to escape in the first degree in satisfaction of a separate indictment, waived his right to appeal and agreed to be sentenced as a second felony offender to a consecutive term of 3½ to 7 years in prison. Prior to sentencing, defendant was assigned new counsel and moved to withdraw his pleas on the ground that, among other things, they were not knowingly entered due to his attorney's uncertainty as to whether he would be classified as a persistent violent felony offender. County Court denied the motion without a hearing, finding that nothing in the record called into question the voluntariness of defendant's pleas or his innocence. Following a number of hearings regarding defendant's status, the People indicated an inability to demonstrate the requisite criteria for treating defendant as a persistent violent felony offender. Thereafter, defendant was adjudicated to be a persistent felony offender and sentenced in accordance with the plea bargain.

Defendant appeals, contending that his guilty pleas and waivers of appeal were not knowing, intelligent and voluntary because they were made at a time when both sides and County Court were under the misapprehension that he was a persistent violent felony offender. While defendant's challenge to the voluntariness of his pleas survives the waivers of appeal and was preserved by his motion to withdraw the pleas (*see People v Fitzgerald*, 56 AD3d 811, 812 [2008]; *People v Pace*, 284 AD2d 806, 807 [2001], *lv denied* 97 NY2d 686 [2001]), we find it to be unpersuasive. Contrary to defendant's contention, the universal misunderstanding that he could be sentenced as a persistent violent felony offender is not dispositive as to whether his pleas and appeal waivers were knowingly and voluntarily entered (*see People v Garcia*, 92 NY2d 869, 870 [1998]; *People v Johnson*, 24 AD3d 1259, 1259 [2005], *lv denied* 6 NY3d 814 [2006]; *People v Jackson*, 278 AD2d 875 [2000], *lv denied* 96 NY2d 759 [2001]; *see also People v Smith*, 49 AD3d 1032, 1033 [2008], *lv denied* 10 NY3d 939 [2008]). Rather, various factors must be considered, " 'including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused' " (*People v Garcia*, 92 NY2d at 870, quoting *People v Hidalgo*, 91 NY2d 733, 736 [1998]; *see People v Johnson*, 24 AD3d at 1259; *People v Jackson*, 278 AD2d at 875).

Here, the 43-year-old defendant had extensive experience in

the criminal justice system and has pleaded guilty to several felonies in the past. The guilty pleas at issue here were in satisfaction of numerous other crimes for which he received no additional prison time. A review of such plea allocutions discloses that defendant, who was represented by counsel, was fully informed of the rights he was waiving, understood the nature and consequences of his pleas, was acting of his own free will without any coercion or threats, had no mental health problems and had ample time to confer with counsel regarding the pleas and was satisfied with counsel's services. Defendant provided affirmative responses to County Court's factual recitation of the crimes to which he was pleading and at no time during the plea allocutions did he cast any doubt on his culpability. He also executed a written appeal waiver, in open court, that advised him of his right to appeal, explained the appellate process and reflected that his attorney had counseled him on the matter. Notably, there is no indication or allegation in the record that, had he known that he would have been sentenced as a persistent felony offender rather than a persistent violent felony offender, he would not have pleaded guilty. Moreover, despite the misunderstanding during the August 10, 2006 plea that defendant could be sentenced as a persistent violent felony offender, he was ultimately sentenced to the agreed-upon prison term of 15 years to life, a sentence that is the minimum for a persistent felony offender (*see* Penal Law § 70.00 [2] [a]; [3] [a]; § 70.10 [2]; *cf. People v Williams*, 300 AD2d 825, 826-827 [2002]). Given that there are no other indicia that the guilty pleas were not knowingly, voluntarily and intelligently entered, we cannot conclude that the inaccurate information concerning defendant's sentencing status influenced his decision to plead guilty (*see People v Garcia*, 92 NY2d at 870; *People v Robles*, 5 AD3d 180, 181 [2004], *lv denied* 2 NY3d 805 [2004]; *People v Burnett*, 221 AD2d 355 [1995], *lv denied* 87 NY2d 920 [1996]).

Lahtinen, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.