■ In the Matter of CISELY G., a Person Alleged to be a Juvenile Delinquent, Appellant. [918 NYS2d 23]—

Order of disposition, Family Court, Bronx County (Robert R. Reed, J., at fact-finding hearing; Nancy M. Bannon, J., at disposition), entered on or about February 22, 2010, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that she committed acts that, if committed by an adult, would constitute the crimes of attempted gang assault in the second degree and assault in the third degree, unanimously modified, on the law, to the extent of vacating the finding as to attempted gang assault in the second degree, dismissing that count of the petition and remanding for a new dispositional hearing, and otherwise affirmed, without costs.

The count of the petition charging appellant with committing acts constituting second-degree gang assault alleges that "with intent to cause physical injury to another person and when aided by two or more other persons actually present [she] caused/attempted to cause physical injury to such person or to a third person." However, these are not the elements of gang assault in the second degree, where the required result is *serious* physical injury. Therefore, this count was defective.

Moreover, attempted gang assault in the second degree is a legal impossibility for trial purposes (Matter of Stephanie R., 196 Misc 2d 659 [Family Ct, Queens County 2003]), as "there can be no attempt to commit a crime which makes the causing of a certain result criminal even though wholly unintended" (People v Campbell, 72 NY2d 602, 605 [1988]). Since second-degree gang assault involves the intended result of physical injury and the unintended result of serious physical injury, it is similar to first-degree manslaughter, which cannot be attempted because "there can be no attempt to commit a crime where one

of the elements is a specific intent but another, an unintended result" (*People v McDavis*, 97 AD2d 302, 304 [1983], *lv denied* 61 NY2d 910 [1984]). The only exceptions to this rule involve special situations such as a guilty plea in a criminal case (*see People v Foster*, 19 NY2d 150, 153 [1967]).

The prior cases in which we affirmed findings of attempted second-degree gang assault (*Matter of Alizia McK.*, 25 AD3d 429 [2006]; *Matter of Esmeralda C.*, 309 AD2d 507 [2003]) do not stand for any proposition contrary to this determination. The parties to those appeals did not litigate any issues relevant to the validity of such a charge, and we had no occasion to reach such issues (*see e.g. People v Louree*, 8 NY3d 541, 546 n [2007]).

However, the evidence established assault in the third degree. We find no reason to disturb the court's credibility determination as to the victim's identification of appellant as one of her attackers.

Since we are dismissing the most serious charge, we find it appropriate to remand for a new dispositional hearing. Concur— Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ.