*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 14, 2015          105535B
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                         Respondent,

        v                                MEMORANDUM AND ORDER

KRISTIAN WHEELER,
                         Appellant.
_____


Calendar Date:  March 24, 2015

Before:  Peters, P.J., Egan Jr., Rose and Lynch, JJ.

_____


        Theodore J. Stein, Woodstock, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____


Rose, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered October 10, 2012, convicting defendant
upon his plea of guilty of the crime of criminal sale of a
controlled substance in the third degree.

        Defendant was charged in a six-count indictment arising out
of three separate sales of crack cocaine.  In full satisfaction
thereof, he pleaded guilty to criminal sale of a controlled
substance in the third degree with the understanding that he
would be sentenced as a prior felony offender to an eight-year
prison term with three years of postrelease supervision.  During
the plea colloquy, County Court incorrectly informed defendant
that he faced potential sentences of 15 years, rather than the
correct maximum term of 12 years (see Penal Law §§ 220.16 [1];

220.39 [1]; 119 AD3d 1236, 1237 [2014]; compare Penal Law § 70.70 [3] [b] [i], with Penal Law § 70.70 [4] [b] [i]). Defendant was thereafter sentenced pursuant to the terms of the plea agreement. Upon defendant's initial appeal, we rejected his counsel's Anders brief and assigned new counsel to address, at a minimum, County Court's error in informing defendant of the incorrect maximum term of incarceration (119 AD3d at 1237).

On this appeal, defendant's contention that his plea was not knowing, voluntary and intelligent because County Court erroneously stated his maximum potential terms of incarceration on the crimes charged is unpreserved for our review, as the record on appeal does not reflect that defendant made an appropriate postallocution motion (see People v Royce, 122 AD3d 1008, 1009 [2014]; People v Smith, 49 AD3d 1032, 1033 [2008], lv denied 10 NY3d 939 [2008]). Further, after reviewing the record, we decline to exercise our interest of justice jurisdiction in light of defendant's extensive experience with the criminal justice system, the lack of any indication that he relied on the erroneous information in accepting the plea agreement and the lack of any other evidence that the plea was involuntary (see People v Smith, 49 AD3d at 1033; People v Robles, 5 AD3d 180, 180-181 [2004], lv denied 2 NY3d 805 [2004]; see also People v Ortiz, 69 AD3d 966, 967-968 [2010]).

Peters, P.J., Egan Jr. and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court