*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 16, 2016                    106809
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

ROBERT S. SCHREINER,
                    Appellant.
_____


Calendar Date:   April 22, 2016

Before:  Garry, J.P., Lynch, Devine and Mulvey, JJ.

_____


        Mark Gaylord, Schenectady, for appellant.

        James Sacket, District Attorney, Schoharie (Michael L.
Breen of counsel), for respondent.

_____


Lynch, J.

        Appeal from a judgment of the County Court of Schoharie
County (Bartlett III, J.) rendered September 11, 2013, convicting
defendant upon his plea of guilty of the crime of criminal sexual
act in the first degree (two counts).

        On September 11, 2013, in satisfaction of a 12-count
indictment, defendant, a former school counselor, pleaded guilty
to two counts of criminal sexual act in the first degree and
waived his right to appeal.  As part of the plea agreement, the
sentence was to run concurrently with the sentence imposed on
September 6, 2013 in Otsego County for similar acts involving the
same victim.  County Court thereafter sentenced defendant in
accord with the negotiated plea bargain to a prison term of 12
years to be followed by 15 years of postrelease supervision.

Defendant now appeals.

We affirm.  Defendant maintains that County Court erred in failing to have his competency evaluated when it came to light at sentencing that defendant had been taken off his depression medication upon his incarceration in Otsego County on September 6, 2013.  Defendant further contends that counsel's failure to move to withdraw his plea deprived him of the effective assistance of counsel.  While these claims survive the appeal waiver, defendant acknowledges that the arguments were not preserved through an appropriate postallocution motion (see People v Stover, 123 AD3d 1232, 1232 [2014], lv denied 26 NY3d 936 [2015]; People v Vandemark, 117 AD3d 1339, 1340 [2014], lv denied 24 NY3d 965 [2014]), and he therefore requests that we vacate the plea in the interest of justice (see CPL 470.15 [6] [a]).  We decline to do so.

Were this issue before us we would find, and defendant admits, that there is nothing in the plea transcript that would indicate that he was in any way incapacitated at the time of his plea.  Our review of the sentencing minutes shows that both defendant and defense counsel raised the medication/incapacity issue to explain defendant's assertion of innocence during the September 23, 2013 presentence interview — not to claim that he was incapacitated at the time of his plea.  Notably, defense counsel explained that once medication was resumed on October 4, 2013 defendant was "fine."  We recognize that the presentence report comments that defendant's behavior was combative and erratic during his incarceration in Otsego County, but there is nothing in the report nor in the record calling defendant's capacity into question during the plea proceeding.  We also take note that during a second interview with the Probation Department, defendant acknowledged his guilt.  As for certain opinion comments in the presentence report, defense counsel duly objected (see CPL 390.30), and we perceive no prejudice given that the court sentenced defendant in accord with the negotiated plea agreement.

Garry, J.P., Devine and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court