People v Lamb (2018 NY Slip Op 04781)





People v Lamb


2018 NY Slip Op 04781


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK 
v
RICHARD LAMB, Appellant.

Calendar Date: May 31, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Rumsey, JJ.


Noreen McCarthy, Keene Valley, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Joseph A. Frandino of counsel), for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeals (1) from a judgment of the County Court of Washington County (McKeighan, J.), rendered September 12, 2014, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered February 17, 2017, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In August 2014, and in full satisfaction of a three-count indictment, defendant pleaded guilty to a single count of criminal possession of a controlled substance in the third degree with the understanding that he would be sentenced as a second felony offender to a prison term of seven years followed by two years of postrelease supervision. County Court thereafter sentenced defendant in accordance with the terms of the plea agreement. In November 2015, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction contending, among other things, that he was denied the effective assistance of counsel. The People opposed the requested relief, and County Court — in a lengthy decision — denied defendant's motion without a hearing. Defendant now appeals from the judgment of conviction and, by permission, from the order denying his motion to vacate.
Although the People concede — and we agree — that defendant's waiver of the right to appeal was invalid, defendant's challenge to the voluntariness of his plea is unpreserved for our review in the context of his direct appeal absent record evidence of an appropriate postallocution motion (see People v Muller, 159 AD3d 1232, 1232 [2018]; People v Darrell, 145 AD3d 1316, 1317 [2016], lv denied 29 NY3d 1125 [2017]), as is his claim that his plea was coerced due to County Court's purportedly inaccurate statements regarding his felony offender status and the future impact thereof (see People v Sparbanie, 158 AD3d 942, 944 [2018], lv denied ___ NY3d ___ [May 30, 2018]; People v Wheeler, 128 AD3d 1177, 1178 [2015]; see also People v Roche, [*2]106 AD3d 1328, 1329 [2013]). Defendant's ineffective assistance of counsel claim — to the extent that it impacts upon the voluntariness of his plea — is similarly unpreserved for review on direct appeal (see People v Gause, 159 AD3d 1277, 1278 [2018]; People v Robinson, 155 AD3d 1252, 1253 [2017], lv denied 30 NY3d 1119 [2018]). Additionally, defendant did not make any statements during his allocution that cast doubt upon his guilt or negated an element of the charged crime (see People v Bailey, 158 AD3d 948, 948 [2018]; People v Williams, 155 AD3d 1253, 1254 [2017], lv denied ___ NY3d ___ [May 14, 2018]), and nothing on the face of the colloquy calls into question either the voluntariness of defendant's plea or his capacity to enter into it (cf. People v Park, 159 AD3d 1132, 1133 [2018], lv denied ___ NY3d ___ [May 30, 2018]; People v Shaw, 157 AD3d 1138, 1139-1140 [2018]). "As there was no basis for further inquiry by County Court, defendant's challenge to the voluntariness of his plea does not fall within the narrow exception to the preservation requirement" (People v White, 157 AD3d 1128, 1130 [2018] [citations omitted], lv denied 31 NY3d 1018 [2018]). Were we to consider these arguments on defendant's direct appeal, we would find them to be lacking in merit.
County Court expressly asked defendant whether he had consumed any drugs or alcohol within the 24 hours preceding his plea allocution, whether he had been treated for any mental illness or psychological disorder within the past five years and whether there was any physical or mental health condition that impeded his ability to understand what was transpiring in court that day; defendant responded "No" to each of those questions. As the transcript of the plea colloquy fails to call defendant's capacity into question, we would not find County Court's inquiries in this regard to be inadequate (see People v Schreiner, 140 AD3d 1399, 1399-1400 [2016]). Similarly, given that counsel negotiated an advantageous plea agreement for defendant — and in light of defendant's assurances that he had been afforded sufficient time to confer with counsel and was "very much" satisfied with counsel's services — we would find that defendant was afforded meaningful representation (see People v White, 153 AD3d 1041, 1042 [2017]). Finally, while County Court arguably could have explained defendant's felony offender status and the impact thereof with greater clarity, even "inaccurate information concerning sentence exposure [or felony offender status] is not dispositive of whether a plea was knowingly and voluntarily entered" (People v Smith, 49 AD3d 1032, 1033 [2008], lv denied 10 NY3d 939 [2008]; see People v Johnson, 24 AD3d 1259, 1259-1260 [2005], lv denied 6 NY3d 814 [2006]). Given defendant's extensive criminal history and corresponding experience with the criminal justice system, and in view of the fact that he was well aware that he would be sentenced as a second felony offender, we would find defendant's challenge to the voluntariness of his plea and, more specifically, his coercion claim to be unpersuasive (see People v Ortiz, 69 AD3d 966, 967-968 [2010]).
Turning to defendant's motion to vacate the judgment of conviction, the bulk of the arguments advanced by defendant were or could have been raised on his direct appeal and, as "sufficient facts appear on the record with respect [there]to," such claims are not properly the subject of a CPL article 440 motion (CPL 440.10 [2] [b]; see People v Dickson-Eason, 143 AD3d 1013, 1015 [2016], lv denied 28 NY3d 1123 [2016]). As to the surviving claims — actual innocence and ineffective assistance of counsel based upon off-the-record conversations with counsel — we cannot say that County Court abused its discretion in denying defendant's motion without a hearing.
To the extent that defendant's motion to vacate is predicated upon his claim of actual innocence, "we note that vacatur of a judgment of conviction on this ground is expressly conditioned upon the existence of a verdict of guilt after trial and defendant's plea of guilty therefore foreclose[s] relief upon this ground" (People v DePerno, 148 AD3d 1463, 1464 [2017] [internal quotation marks and citations omitted], lv denied 29 NY3d 1030 [2017]; see CPL 440.10 [1] [g]; People v Tiger, ___ NY3d ___, ___, 2018 NY Slip Op 04377, *4-5 [2018]). Regarding defendant's ineffective assistance of counsel claim and the corresponding impact that counsel's alleged off-the-record advice had upon the voluntariness of defendant's plea, according to defendant, he previously had been diagnosed with bipolar disorder and posttraumatic stress disorder — disorders from which he had suffered "all of [his] adult years" and for which he had [*3]been prescribed various medications. On the morning of his plea colloquy, defendant averred, his medication regimen was changed, and the resulting combination of prescribed drugs caused him "to be very drowsy," "unable to concentrate" and "impaired [his] ability to understand the proceedings." Defendant further averred that he conveyed this information to defense counsel, who — in turn — advised him "not to tell the court of [his] history of mental health problems and treatment."
The medical records accompanying defendant's affidavit indeed document a medication change, and defendant also included information regarding the potential side effects of his prescribed medications. However, defendant's claims of mental confusion are belied by the transcript of the plea colloquy (see People v Ryder, 136 AD3d 1109, 1110 [2016], lv denied 27 NY3d 1005 [2016]), the record does not otherwise establish that defendant was suffering from any side effects of his medications at the time that he pleaded guilty and he has offered nothing other than his self-serving affidavit to substantiate his claim that defense counsel effectively advised him to perjure himself during his allocution (see e.g. People v Lewis, 138 AD3d 1346, 1348-1349 [2016], lv denied 28 NY3d 1073 [2016]). Under these circumstances, we cannot say that County Court abused its discretion in denying defendant's motion to vacate without a hearing. Defendant's remaining arguments, including his claim that the agreed-upon sentence imposed was harsh and excessive, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment and order are affirmed.