People v Woods (2018 NY Slip Op 07975)





People v Woods


2018 NY Slip Op 07975


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018

108236

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
AUNDREAU WOODS, Appellant.

Calendar Date: October 18, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Keeley A. Maloney, Albany, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered September 30, 2015, convicting defendant upon his plea of guilty of the crimes of attempted assault in the first degree, assault in the second degree and endangering the welfare of a child.
Defendant was charged in a three-count indictment with attempted assault in the first degree, assault in the second degree and endangering the welfare of a child based upon an incident in December 2014 in which defendant allegedly struck the victim, the mother of his six-year-old child, multiple times with a crowbar, hitting her in the head, left shoulder, left arm and left hand, causing, among other injuries, lacerations to her head and left hand, a skull fracture, a fractured finger and additional bruising and swelling. The child was present at the residence where the assault occurred and was within earshot of the incident. Defendant subsequently filed an omnibus motion seeking, among other things, suppression of certain statements that he made to a Child Protective Services (hereinafter CPS) caseworker. Following a hearing, County Court denied defendant's motion to suppress the statements. Defendant subsequently pleaded guilty to all three counts as charged in the indictment. County Court thereafter sentenced him to concurrent terms of 15 years in prison, to be followed by five years of postrelease supervision, on the attempted assault in the first degree conviction, seven years in prison, to be followed by three years of postrelease supervision, on the assault in the second degree conviction and one year in jail for the endangering the welfare of a child conviction. Defendant now appeals.
We reject defendant's contention that County Court erred by denying his motion to suppress certain statements that he made to a CPS caseworker. Specifically, defendant contends that the CPS caseworker that interviewed him at the Albany County Correctional Facility on December 30, 2014 was acting as an agent of the District Attorney's office and, therefore, his indelible right to counsel was violated when she questioned him outside the presence of counsel. We disagree. Although there is no question that defendant's indelible right to counsel had attached at the time he was interviewed by the CPS caseworker, the caseworker did not interview defendant in a law enforcement capacity. The caseworker's testimony revealed that she interviewed defendant as the result of multiple hotline reports that had been received regarding the December 2014 incident. She testified unequivocally that she did not collaborate with law enforcement in investigating the alleged incident, she was not interviewing defendant at the behest of either the police or the District Attorney's office, and she did not notify either entity of her intent to conduct said interview. Moreover, no members of law enforcement were present during the interview [FN1]. Accordingly, under the circumstances, we find that defendant's statements to the CPS caseworker were voluntary as they were not made to any "public servant engaged in law enforcement activity or to one acting at the direction or in cooperation with law enforcement" (People v Cordato, 85 AD3d 1304, 1310 [2011], lv denied 17 NY3d 815 [2011]; see CPL 60.45 [2] [b]; People v Rodriguez, 135 AD3d 1181, 1184-1185 [2016], lv denied 28 NY3d 936 [2016]; People v Texidor, 71 AD3d 1190, 1191 [2010], lv denied 14 NY3d 893 [2010]; compare People v Wilhelm, 34 AD3d 40, 44 [2006]; People v Greene, 306 AD2d 639, 641 [2003], lv denied 100 NY2d 594 [2003]); thus, defendant's right to counsel was not violated as a result of the interview.
Defendant's further contention that he was denied the effective assistance of counsel by his initial defense counsel is unpreserved for appellate review as the record fails to disclose that he made an appropriate postallocution motion to withdraw his plea, despite having had an adequate amount of time to do so (see CPL 220.60 [3]; People v Williams, 27 NY3d 212, 214 [2016]; People v Decker, 159 AD3d 1190, 1192 [2018], lv denied 31 NY3d 1116 [2018]; People v Schreiner, 140 AD3d 1399, 1399 [2016]; People v Newman, 99 AD3d 1107, 1108 [2012]). As for defendant's claim that his sentence is harsh and excessive, given defendant's criminal history and the senseless and vicious nature of the subject assault, we discern no abuse of discretion or extraordinary circumstances that warrant a reduction of the sentence in the interest of justice (see CPL 470.15 [3] [c]; [6] [b]; People v Brabham, 126 AD3d 1040, 1044 [2015], lv denied 25 NY3d 1160 [2015]; People v Gray, 47 AD3d 1068, 1068 [2008], lv denied 10 NY3d 863 [2008]).
Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The CPS caseworker was accompanied by a fellow CPS employee who, other than observing defendant's interview, did not ask any questions or otherwise participate in same.