People v Delacruz (2019 NY Slip Op 08498)





People v Delacruz


2019 NY Slip Op 08498


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Friedman, J.P., Renwick, Oing, Singh, JJ.


10414 513/12

[*1] The People of the State of New York, Respondent,
v
Alejandro Delacruz, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Ellen Dille of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (David P. Stromes of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered June 20, 2013, convicting defendant, after a nonjury trial, of attempted gang assault in the second degree and assault in the second degree, and sentencing him to concurrent terms of two years, unanimously modified, on the law, to the extent of vacating the attempted gang assault conviction and dismissing that charge, and otherwise affirmed.
"[A]ttempted gang assault in the second degree is a legal impossibility for trial purposes" (Matter of Cisley G., 81 AD3d 508, 508 [1st Dept 2011]; see also People v Campbell, 72 NY2d 602, 605-606 [1988]). "One cannot attempt to create an unintended result" (People v Prescott, 95 NY2d 655 [2001}). The People's arguments for revisiting our determination in Cisley G. are unpersuasive.
Defendant failed to preserve, or affirmatively waived, his argument that the court erred in admitting two pieces of evidence that were allegedly the fruits of what the court, in suppressing other evidence, had determined to be an unlawful arrest, and we decline to review this claim in the interest of justice. As an alternative holding, we find no basis for reversal. Defendant's argument that defense counsel was ineffective because he failed to seek exclusion of this evidence at trial is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record, regarding counsel's strategic decision to concede the element of identity while raising other issues in this nonjury trial (see People v Rivera, 71 NY2d 705, 709 [1988]). To the extent the claim can be reviewed on the present record, defendant has failed to establish ineffective assistance (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK