People v Grainger (2021 NY Slip Op 06009)





People v Grainger


2021 NY Slip Op 06009


Decided on November 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 4, 2021

111894
[*1]The People of the State of New York, Respondent,
v
Jennifer A. Grainger, Appellant.

Calendar Date:September 15, 2021

Before:Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Craig Meyerson, Peru, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the County Court of Clinton County (Lawliss, J.), rendered January 2, 2019, convicting defendant upon her plea of guilty of the crime of robbery in the second degree.
Defendant waived indictment and pleaded guilty to a superior court information charging her with robbery in the second degree and purportedly waived her right to appeal. She was sentenced, as a second felony offender, in accordance with the terms of the plea agreement to a prison term of six years followed by five years of postrelease supervision. Defendant appeals.
Defendant maintains that her waiver of the right to appeal is invalid. We agree. During the plea colloquy, County Court advised defendant that, as part of the plea agreement, she "would also have to waive [her] right to appeal or waive [her] right to seek post-conviction remedies," without further elaboration. Thereafter, defendant and her counsel signed a waiver of appeal in open court that specified that defendant was waiving her "right to appeal, as well as all post-conviction remedies" and that, by waiving her right to appeal, the guilty plea and subsequent sentence "would conclude [her] case." This overboard language erroneously speaks to an absolute bar of potential appellate and collateral remedies (see People v Thomas, 34 NY3d 545, 566 [2019]). County Court inquired whether defendant had reviewed the written waiver with her attorney and understood the document, eliciting a one-word response to each question, but made no attempt to signal that defendant retained the right to appeal certain fundamental issues and pursue collateral relief (see id. at 566). Not to be overlooked is the fact that the written waiver specified that defendant was "not under the influence of any drugs . . . or medication," when, in fact, she clarified during the plea colloquy that she had taken three prescribed medications. Although both defendant and her counsel duly confirmed for the court that she was of clear mind, this discrepancy raises a concern as to the adequacy of defendant's review and understanding of the written waiver. Given the limited colloquy, the court's misstatement as to postconviction remedies and the overbroad written waiver, we are not persuaded that defendant knowingly, intelligently and voluntarily waived her right to appeal (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Aponte, 190 AD3d 1031, 1032 [2021], lvs denied 37 NY3d 953, 959, 960 [2021]).
However, defendant's challenge to the voluntariness of the plea is unpreserved as the record does not reflect that she made an appropriate postallocution motion and the narrow exception to the preservation rule is inapplicable for defendant openly acknowledged her commission of the robbery (see People v Stanley, 189 AD3d 1818, 1818 [2020]; People v Brito, 184 AD3d 900, 901 [2020]). Furthermore, we decline defendant's request that we take corrective action and vacate the plea in the interest of justice (see People [*2]v Wheeler, 128 AD3d 1177, 1178 [2015]). Nor do we find the agreed-upon sentence imposed harsh or excessive.
Garry, P.J., Egan Jr., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.