People v Davis (2023 NY Slip Op 05073)

People v Davis

2023 NY Slip Op 05073

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NOWAK, AND DELCONTE, JJ.

658 KA 20-00459

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KAMEL DAVIS, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Richard M. Healy, J.), rendered February 5, 2020. The appeal was held by this Court by order entered June 3, 2022, decision was reserved and the matter was remitted to Wayne County Court for further proceedings (206 AD3d 1603 [4th Dept 2022]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of attempted gang assault in the second degree (Penal Law §§ 110.00, 120.06). When this appeal was previously before us, we concluded that County Court erred in summarily denying defendant's motion to withdraw his guilty plea because—insofar as defense counsel had erroneously advised defendant regarding the possibility of a conviction at trial of attempted gang assault in the second degree even though such a crime is a legal impossibility for trial purposes—the circumstances raised a genuine factual issue with respect to the voluntariness of the plea that could only be resolved after a hearing (People v Davis, 206 AD3d 1603, 1604-1605 [4th Dept 2022]). We held this case, reserved decision, and remitted the matter to County Court for a hearing to resolve that issue (id. at 1605). Following the hearing on remittal, the court denied defendant's motion. We now affirm.
Defendant contends that, as a result of the erroneous advice provided by his attorneys, the plea was not knowingly, intelligently, and voluntarily entered, and that the court thus abused its discretion in denying his motion. We reject that contention.
"A determination on a defendant's motion to withdraw a plea prior to sentencing is left to the sound discretion of the court" (People v Fisher, 28 NY3d 717, 721 [2017]; see CPL 220.60 [3]). "Whether a plea was knowing, intelligent and voluntary is dependent upon a number of factors 'including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused' . . . That the defendant allegedly received inaccurate information regarding [the possibility of a conviction at trial and the resulting impact upon] his possible sentence exposure is another factor which must be considered by the court, but it is not, in and of itself, dispositive" (People v Garcia, 92 NY2d 869, 870 [1998]; see Davis, 206 AD3d at 1605).
Here, although we agree with defendant that his attorneys erroneously advised him about the possibility of being convicted at trial of an ostensible lesser included charge of attempted gang assault in the second degree (see Davis, 206 AD3d at 1604-1605; People v Delacruz, 177 AD3d 541, 542 [1st Dept 2019], lv denied 34 NY3d 1158 [2020]; Matter of Cisely G., 81 AD3d 508, 508-509 [1st Dept 2011]), that fact " 'is not, in and of itself, dispositive' of the issue whether defendant's plea was knowingly and voluntarily entered" (People v Johnson, 24 AD3d 1259, 1259 [4th Dept 2005], lv denied 6 NY3d 814 [2006], quoting Garcia, 92 NY2d at 870; see People v Williams, 170 AD3d 1666, 1667 [4th Dept 2019]). As the court properly determined, [*2]the record establishes that defendant was 24 years old at the time he pleaded guilty and had a number of previous experiences with the criminal justice system, including several prior convictions by guilty plea, some of which were to reduced charges (see Williams, 170 AD3d at 1667; Johnson, 24 AD3d at 1259-1260). The hearing testimony further establishes that defendant's attorneys discussed with him the strengths and weaknesses of the People's case (see People v Thompson, 174 AD2d 702, 703 [2d Dept 1991], lv denied 79 NY2d 833 [1991]). The court also properly determined that the nature and terms of the plea agreement were advantageous and the bargain was reasonable inasmuch as defendant satisfied an indictment charging him with two counts of gang assault in the second degree (Penal Law § 120.06), along with another indictment charging him with bail jumping (§ 215.56), and received concurrent sentences aggregating to three years of imprisonment to be followed by two years of postrelease supervision while he avoided the possibility of consecutive sentences that could have totaled over 30 years of imprisonment (see Williams, 170 AD3d at 1667; Johnson, 24 AD3d at 1260). Based on the foregoing, we conclude that the court did not abuse its discretion in denying defendant's motion (see Williams, 170 AD3d at 1667; Johnson, 24 AD3d at 1260).
We also reject defendant's related contention that the court abused its discretion in denying his motion based on alleged ineffective assistance of counsel. "In the context of a guilty plea, a defendant has been afforded meaningful representation when [the defendant] receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of [defense] counsel" (People v Ford, 86 NY2d 397, 404 [1995]; see People v Price, 194 AD3d 1382, 1385 [4th Dept 2021], lv denied 37 NY3d 974 [2021]). "The phrase 'meaningful representation' does not mean 'perfect representation' " (Ford, 86 NY2d at 404, quoting People v Modica, 64 NY2d 828, 829 [1985]). Here, we conclude that the mistaken advice by defendant's attorneys with respect to the possibility of conviction at trial of attempted gang assault in the second degree does not rise to the level of ineffective assistance of counsel, particularly considering that defense counsel negotiated a very favorable plea (see Modica, 64 NY2d at 829; People v Lovette, 188 AD3d 1726, 1728 [4th Dept 2020], lv denied 36 NY3d 1051 [2021]; People v Cave, 278 AD2d 941, 941 [4th Dept 2000], lv denied 96 NY2d 798 [2001]; see generally People v Couser, 28 NY3d 368, 378 [2016]).
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court